## CAWTHORNE v. KNIGHT.

1. A stranger to the proceedings cannot move to amend the return made by the sheriff, by striking out a levy made on a slave, upon the ground that it did not belong to any of the defendants in the execution, but was the property of the applicant.

Appeal from the Orphans' Court of Henry.

AN execution having issued in favor of the defendant in error, against Moses K. Speight, and others, which was levied on sundry slaves, and amongst others on one by the name of Bob, the plaintiff in error, who was not a party to the execution, moved the court for leave to the sheriff to amend his return, so as to show that Bob was not levied on as the property of any defendant in the execution, but of the plaintiff in error, and moved the court to set aside the levy, as regarded the slave Bob; and introduced testimony tending to prove such to be the fact, and that the plaintiff in execution

had pointed out the slave to be levied on; and further, the plaintiff in error offered to prove, that the slave levied on was her's, and never had been the property of any of the defendants in execution.

The court overruled both motions, and the plaintiff excepted, and now assigns the refusal as error.

BELSER and BUFORD, for plaintiff in error. If the sheriff is guilty of an irregularity to the prejudice of either party, or of a stranger, the court will set it aside. [Mobile Cot. Press v. Moore, 9 Porter, 687; 3 Ala. 286; 6 Id. 221; 7 Id. 593; 5 S. & P. 402.]

J. COCHRAN, contra.

ORMOND, J.—The authority conferred on the sheriff by the execution, was to levy on the property of the defendants, and if he has levied on the property of a stranger, our statutory method of the trial of the right of property, or the common law action of trespass, will afford the injured party ample redress. The motion to set aside the levy, involved a decision of the question, whether the slave was the property of the defendants in execution, or of the plaintiff in error, which the court had no power to determine in this summary way.

The court will, it is true, in some cases of pressing necessity, and where no other adequate remedy exists, act summarily, and prevent the abuse of its process—as where a sheriff, in executing an *habere facias,* delivers possession of lands which have not been recovered by the judgment, and when in the execution of a *fieri facias,* by the fraudulent or improper conduct of the sheriff, injury has resulted, the court may set aside the sale. [Mobile Cot. Press v, Moore, 9 Ala. 692, and cases there cited.]

The interference of the court in such cases is, to prevent the abuse of its process, but it never has been supposed, that under color of exercising this right, it could in this summary way determine upon conflicting tiles to property.

The right of a sheriff to amend his return, according to

the truth of the case, is always conceded to him by the court, when it does not impair rights which have vested in others. [Watkins v. Gayle, 4 Ala. 153; McGehee v. McGehee, 8 Id. 86.] But this is always at the instance of the sheriff himself, who is responsible for the consequences attending the act. It could not be permitted, that a stranger to the proceedings should be allowed thus to affect the rights of parties, by changing the return made by the sheriff. In every view we can take of this case, the judgment of the court appears to us to be correct, and must be affirmed.