## NUCKOLS v. MAHONE.

1. The court will not interfere in a summary way by motion, and set aside a sale of land made under execution, upon the ground of the invalidity of the title of defendant in execution, but will leave the party to defend his possession in the ordinary way, when the purchaser asserts his right.

2. It is a sufficient reason for quashing an execution, at the instance of a party, or privy, that it] issued after the death of the plaintiff; but the invalidity of the execution, does not warrant the court in setting aside a sale of land made under it, against a *bona fide* purchaser, without notice.

Error to the Circuit Court of Macon. Before the Hon. George W. Stone.

MOTION by the plaintiff in error, to set aside a sale of land made under execution. The plaintiff filed his petition for a rule on the parties in intest, setting forth his title to certain

lands, which had been sold as the property of one William-son Freeman, in virtue of an execution issued on a judgment in favor of James H. Shorter, who was dead at the time the execution issued. The allegations of the petition establish, that the petitioner has the title to the land, by purchase from Freeman, and held the eqitable title.

The defendant cited to contest the allegation of the petition, demurred thereto, and the court sustained the demurrer and dismissed the petition. This is now assigned as error.

J. E. Belser, G. W. Gunn, and S. F. Rice, for the plaintiff in error.

1. A party injured by the improper execution of a *fieri facias*, may obtain redress on motion to the court from which the writ issued, whether he be a vendor with warranty, or purchaser. Mobile Cotton Press v. McGehee, 9 Porter, 679; Abercrombie v. Conner, 10 Ala. 277; Goff v. Jones, 6 Wen. 522; Johnson v. Hardy, 4 Mass. 483.

2. An application to set aside a sale, will be heard at the instance of a *bona fide* purchaser, when the same would be refused at the instance of a stranger. Wood v. Fry, 6 Wen. 563.

3. An execution issued after the death of a sole plaintiff is void, and if the plaintiff dies after the execution is delivered to the sheriff, but before a levy of the same, it abates. Abel v. Ward, 8 Mass. 79; Carter v. Simpson, 7 John. 535; Wagner v. McCoy, 2 Bibb, 198; Case v. Bradford, 7 Wend. 398; Massie v. Long, 2 Ohio, 287; Buckner v. Terrell, Littel, S. C. 29; Bridges v. Caldwell, 2 A. K. Mar. 195; Noe v. Conyers, 6 J. J. Mar. 234; Millroy v. Johnson, 7 Ala. 660; Mansel v. Bank, 4 Ib. 735; Stinnett v. The Bank, 9 Ib. 335; Haden v. Sandy's adm'r. 11 Ib. 43.

4. If any case of the kind can be set aside, the power should be exercised in this case, from the facts contained in the record.

Cocke, contra.

1. The petition is no part of the record, never having been made so by any action of the court, and must be disregarded.

2. The demurrer was properly sustained—1. The neces-

sary parties were not brought into court by the petitioner. The defendants to the judgment were parties in interest, and should have been made parties to the motion. 2. The petitioner had no right to make the motion. He was not a party to the record, and had no such interest in the sale as authorized him to interpose in that summary way. Gassels *v.* Wilson, 4 Wash. C. C. 59; 8 Johns. 332; 1 Browne, 218; 2 Hill, S. C., 298; Cawthorne v. Knight. 11 Ala. 268. There can be no difference in principle between the case at bar and one in which a claimant attempts to shew the irregularity of the execution, in opposition to the levy of which, he interposes his claim. This cannot be done, even though the execution be void. Blount & Stanley v. Traylor, 4 Ala. 667.

COLLIER, C. J.—In the Mobile Cotton Press &c. v. Moore & Magee, 9 Port. Rep. 679, we made the following deductions from authorities : " 1. A party injured by the improper execution of a *fieri facias*, may obtain redress on motion to the court from which the writ issued. 2. That a sale of land will be set aside, where the sheriff is guilty of a mistake, irregularity, or fraud, to the prejudice of either party, or a third person. 3. So the misrepresentation or fraud of a purchaser, furnishes just ground for invalidating the sale." This decision was recognized in McCullum v. Hubbert and Caple, 13 Ala. Rep. 289, in which it was also held, that the fraud which will authorize the court to set aside a sheriff's sale of land on motion, must exist at the time of the sale. Subsequent irregularities will not justify it, but the party aggrieved must assert his rights in another *forum*. Where real estate has been sold under a *fi. fa.*, a motion to set aside the sale will be entertained, not only by a party to the process, but by a previous vendor of the land with a covenant of warranty, any time before the purchaser obtains possession, or recovers it by suit; and even after the possession is obtained, where this takes place in so short a time after the sale, that application cannot conveniently be made to set it aside. Abercrombie et al. v. Conner, 10 Ala. Rep. 293.

In Chambers v. Stone & Pope, 9 Ala. Rep. 260, it was decided, that the quashing an execution for irregularity, does

Nuckols v. Mahone.

not of itself set aside a sale of land made under it. Nor should the sale be set aside, if the purchaser, without notice of the irregularity, has paid his money and obtained a deed. The *onus* of proving such notice lies on the party making the motion.

A motion to amend a sheriff's return, by striking out the levy of the *fi. fa.* on a slave, alledged to be the property of a stranger to the process, will not be entertained at the suit of such stranger. Cawthorn v. Knight, 11 Ala. Rep. 268. It was admitted that the court would, as in the cases we have cited, prevent the abuse of its process by setting aside a levy and sale ; but it was added, that " it never has been supposed, that under color of exercising this right, it could in this summary way determine upon conflicting titles to property." See Blount and Stanley v. Traylor, 4 Ala. 667.

The objection to the *fi. fa.* in the case at bar is, that it was issued after the death of the plaintiff therein. This is a sufficient ground for quashing it, at the instance of a party or privy ; but if the plaintiff stand in a situation which entitles him to submit a motion for that purpose, the invalidity of the execution does not warrant the court in setting aside the sale against a *bona fide* purchaser without notice. See Chambers v. Stone and Pope, *supra.* Besides, the latent defect in the *fi. fa.* cannot be regarded an abuse of the authority of the sheriff, or in any manner enter into its execution, where the officer has merely followed its mandate. If the land which was sold is really the property of the plaintiff in the motion, he may make his title appear, and defend his possession when the purchaser asserts his right ; but we have seen, the conflicting title will not be determined upon the application to set aside the sale. Cawthorn v. Knight, *supra.* See also, Stewart v. Nuckolls, at this term.

Neither of the grounds upon which the rule to show cause was granted, authorized the circuit courr to set aside the sale. The judgment sustaining the demurrer, which, in point of law, was merely a denial of the motion, is therefore affirmed.