## SHAW *vs.* LINDSAY ET AL.

[MOTION TO SET ASIDE SHERIFF'S SALE OF LAND, &C.]

1. *Sheriff's sale, &c.; when will not be set aside.*—A sale, under a writ of *fieri facias* by the sheriff, will not be set aside on the motion of a person not a party to the judgment or interested in it, when it appears that the execution has been regularly issued, and there is no mistake or fraud or gross inadequacy of price bid at the sale, which is prejudicial to the party making the motion.

2. *Confederate judgments; force and effect of.*—The judgments of the Confederate government in this State, rendered during the late rebellion, do not operate as liens on the lands of the defendant therein. They have only the force of the judgments of foreign courts.

3. *Same; when sale of land under will not be set aside.*—A sale of the lands of a defendant in such a judgment will not be set aside on the motion of a stranger, who has no interest in the judgment, but claims such lands by a title derived from a defendant in such judgment, acquired in 1866, by a purchase independent of the judgment. Such a sale does not necessarily prejudice the rights of such a claimant.

APPEAL from Circuit Court of Pickens.
Tried before Hon. LUTHER R. SMITH.

The facts are sufficiently stated in the opinion.

M. L. STANSEL, for appellant.
REAVIS & COOKE, *contra.*

(No briefs came into the Reporter's hands.)

PETERS, J.—This is a motion made in the circuit court of Pickens county to set aside a sale of certain lands sold by the sheriff of said county as the property of Elihu Cox. The motion was made by Shaw, who was neither a party to the judgment or interested therein, or in the lands sold at the date of the judgment. The motion was against T. F. Lindsey and W. L. Lipsey, late sheriff of said county of Pickens. The motion was refused and overruled, and Shaw appeals to this court. The proceedings in the court below, as set out in a bill of exceptions taken on the trial, show that said T. F. Lindsey obtained a judgment in the rebel circuit court of said county of Pickens, against Lang, Noland, and said Cox, on the 28th day of April, 1863, for the sum of $2,705.62. The record of this judgment was destroyed by fire in April, 1865, and on the 4th day of May, 1867, this record was substituted, "under the act to substitute lost and destroyed records, approved January 18th, 1866." Execution was issued on this substituted record on May 25th, 1867, and on the 7th day of October, 1867, a portion of the lands of said Cox were sold under this execution and purchased at said sale, which

was made by said sheriff of said county, by said Lindsey, the plaintiff in said judgment. A second execution was issued on said judgment, on November 16th, 1867, and under its authority a second portion of Cox's lands were sold, and again purchased by Lindsey, on January 6th, 1868. For these lands Lindsey received the sheriff's deed, and went into possession of the same. On the 23d day of August, 1866, Cox conveyed the lands above mentioned by deed of trust to Shelton, and Shelton, sold the same under said deed of trust to Lathan, on August 24th, 1867, and on the 30th March, 1868, Lathan conveyed to Shaw by quit-claim deed. Under this title Shaw made the present motion.

From this statement of facts, it appears that Shaw was a stranger to the judgment, and had no interest in the lands aforesaid at the date of said judgment, or until long afterwards. And he asks to have the sale set aside, because this judgment was void, and because it had been rendered by a Confederate judge. But this is not the law. Such a judgment is not void. At the same time it does not operate as a lien on the lands of Cox, unless it appears that there was an execution issued thereon, and regularly kept up, without the lapse of an entire term; which is not pretended.—*Martin v. Hewitt*, 44 Ala. 418; *Moseley v. Tuthill et al.*, June term, 1871; *Irvin v. Armistead*, June term, 1871. The sale, then, did not prejudice Cox's title, whatever it might be; and he has no reason to complain of it. And it is only upon the ground that the sale was irregular or fraudulent, and would be injurious to him, that the court would be justified in setting it aside.—*Mobile Cotton Press v. Moore & Maghee*, 9 Port. 679; *McCollum v. Hubbert & Cople*, 3 Ala. 239; *McCaskill v. Lee*, 39 Ala. 131. It can not be said that the *fieri facias* in this case was improperly executed, or that the sheriff was guilty of any mistake, irregularity or fraud prejudicial to Shaw. He does not, therefore, bring himself within any of the reasons which would authorize the court to interfere in his behalf. Then the motion was properly refused.

The judgment of the court below is affirmed at appellant's costs.