# Sheffey v. Davis.

### *Motion to quash Execution, and set aside Sheriff's Sale.*

1. *Presumptions in favor of judgment; what will not be indulged.*—When a motion is entered on the docket to quash an execution, and to set aside a sale of lands under it, on certain specified grounds, and the motion is granted by the court; this court will not, in order to sustain the judgment, presume that the action of the court was justified by other facts not specified in the motion, although the bill of exceptions does not purport to set out all the evidence that was introduced.

2. *Bankruptcy; effect on execution lien.*—The lien of an execution creditor, whose judgment was rendered before the defendant obtained a discharge in bankruptcy, though no execution was then in the hands of the sheriff, is not destroyed by the bankruptcy, and may be enforced by an *alias*.

3. *Claim of exemption; when not good cause for setting aside execution levy and sale.*—A levy and sale of lands under execution will not be set aside, at the instance of the defendant and his wife, under a claim of homestead exemption, when the value of the property at the time of the levy and sale is not shown, and it is not shown that the claim was interposed before the sale.

4. *Prior sale under execution.*—A prior sale of the lands under execution, at which the wife of the defendant became the purchaser, furnishes no ground for setting aside a subsequent levy and sale, on the motion of him and wife.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This was a motion by Zebulon P. Davis and his wife, Mrs. Williametta Davis, to quash four executions, with their levies, and to set aside and vacate a sale under them of a certain house and lot in Huntsville. The executions were issued on two judgments, which Mrs. Elizabeth W. Sheffey, as the executrix of the will of her deceased husband, L. B. Sheffey, recovered against said Z. B. Davis, in the Circuit Court of Madison, on the 28th April, 1871 ; one for $249.50, and the other for $1,425.40. An execution on each of these judgments was issued on the 1st June, 1871, and each was returned "No property found." Another execution was then issued, which was returned with the same indorsement, on

[Sheffey v. Davis.]

the 19th October, 1871; and an execution against the plaintiff, for the costs, was issued in December, 1873, and returned satisfied. On the 13th September, 1875, another execution was issued on each of said judgments, and each was levied on said house and lot; but both were returned without a sale, for want of time. Executions were again issued on said judgments, on the 26th January, 1876, and levied on said house and lot; and the property was sold under this levy, on the first Monday in April, 1876, Mrs. Sheffey becoming the purchaser, and receiving a deed from the sheriff. The motion to quash these executions and levies, and to vacate and set aside the sheriff's sale, was entered on the docket on the 18th November, 1876; and specified the following grounds: "1. Because said Zebulon P. Davis, on the 1st day of March, 1872, filed his petition in the United States District Court at Huntsville," asking to be discharged as a bankrupt, and obtained his discharge, by the decree of said court, on the 7th June, 1872; "said executions issuing after said proceedings in bankruptcy had begun, and after said discharge had been granted, were void; and said levies, being made after said proceedings in bankruptcy, were void; and said sale, under said executions and levies, was also illegal and void. 2. Because said real estate consists of a house and lot, of a value not exceeding $2,000, which is the homestead of said Z. P. Davis and Williametta Davis, who are residents and citizens of Alabama, and who intermarried in the year 1840. Said Z. P. Davis purchased said house and lot in the year 1859; and he and his said wife have resided in said house and lot ever since, and now live in the same; wherefore said house and lot is exempt from sale under execution, and said levies and sale are void."

On the hearing of the motion, as the bill of exceptions shows, said Davis and wife introduced their own affidavits, which were substantially the same, and in which they stated that they were married in 1840; that Davis bought the house and lot in 1859, and resided in it continuously from that time thenceforward; that a judgment was rendered against said Davis on the 7th November, 1861, in favor of Thomas S. McCalley & Co., on which several executions were regularly issued, and finally a *pluries* on the 21st July, 1869, which was levied on the said house and lot; that at the sheriff's sale under this levy, on the 6th September, 1869, George L. Davis was the highest and best bidder, and, by his direction, on the payment of the price bid by him, the sheriff executed a conveyance to Mrs. Williametta Davis; that they continued to reside in the house, Mrs. Davis claiming it as her separate property, and her husband recognizing and ad-

mitting her title; that, if the sheriff's deed to Mrs. Davis "should be found defective, irregular, or void," then it was the homestead and property of her husband, and was exempt from levy and sale; and that "said property is not, in the opinion of this affiant, worth more than $2,000." The bill of exceptions states, "that the statement of facts averred in said motion was admitted, except as to the value of the house and lot not exceeding $2,000; and the counsel for the defendant in the motion stated that, at the proper time, he would sustain said denial as to value by proof." The sheriff's deeds, one to Mrs. Davis, and the other to Mrs. Sheffey, were also offered in evidence, with the several executions referred to. "It was admitted that the only claim to said house and lot set up by said Davis and wife, or either of them, at the time of the said sale by Robert E. Murphy as sheriff, at which Mrs. Sheffey became the purchaser, and prior thereto, was that of Mrs. Davis claiming it as her separate statutory estate under said former deed by Doyle as sheriff; and that no proof of claim of homestead had been made or set up, until the filing and entry of the motion in this case. But the possession and occupancy of the premises by said Davis and wife, as the residence of themselves and their family, was proved; and that at the time of said sale by Murphy as sheriff, Mrs. Davis claimed said house and lot as her property, under said former deed from Doyle as sheriff; but no homestead exemption or right was claimed or asserted by either her or said Z. P. Davis, until the filing of the motion in this case. It was further admitted, that there is now pending in this court an action of ejectment by Mrs. Sheffey, against said Davis and wife, for said house and lot; and that the debt, which is the foundation of said judgments, was contracted prior to the 1st August, 1866, for medical services rendered by said L. B. Sheffey, deceased, to the family of said Davis and wife, before, during, and since the late war."

"Upon the hearing of said motion, without the intervention of a jury, the presiding judge made the following order: 'Motion granted, and plaintiff excepts.'" The appeal is sued out by Mrs. Sheffey, and the judgment on the motion is assigned as error.

HUMES & GORDON, for appellant.

WALKER & SHELBY, PAUL L. JONES, and NICH. DAVIS, contra.

STONE, J.—Motion was made in this case to quash executions, and the returns thereon, and to set aside a sale of land thereunder, on certain specified grounds. The court

[Sheffey v. Davis.]

sustained the entire motion, and the purchaser at the sale, plaintiff below, excepted. It is contended here that, inasmuch as the record fails to affirm that it contains all the evidence, we must presume the existence of a sufficient cause to justify the action of the court, even if the grounds stated in the motion be held insufficient. We can not assent to this. A motion is not, strictly, pleading; and, although a demurrer may sometimes be interposed to such motion when in writing, yet, in motions such as this, pleading is not necessary. We feel it our duty to presume, in the absence of some record averment to the contrary, that the action of the court was had on the motion copied in the record. Such action is, at most, but a response of the court to a motion made by counsel; and it would be a high-handed measure for a court to make an order unsettling titles to property, or destroying the evidence of title, without any motion therefor, and without stating any facts, or giving any reason for such decision. We will consider the judgment of the court as based on one or more of the grounds stated in the motion.

2. When Z. P. Davis became a voluntary bankrupt, Mrs. Sheffey, as executrix, had an execution lien on his property in Madison county. His bankruptcy did not destroy that lien, or prevent the issue of an *alias* execution for its enforcement.—*Crow v. Reid,* at December term, 1876.

3. The claim of exemption furnished no reason for setting aside the levy or sale, for several reasons. First, it failed to show the value of the property at the time of Mrs. Sheffey's levy and sale.—*Watts v. Burnett,* at December term, 1876. Second, it failed to show that the claim was interposed before the sale was made.—*Steele v. Moody,* and *Rottenbury v. Pipes,* at December term, 1875. Third, the judgment having been rendered in 1871, it should have been shown whether the debt was contracted before or after the constitution of 1868 was declared operative, so as to show under what law the claim accrued.—*Taylor v. Anthony,* and *Miller v. Marx,* at December term, 1876.

4. If Mrs. Davis, by her older purchase, acquired a good and valid title to the property, it will enable her to defend successfully the action of ejectment brought for its recovery. It furnishes no ground for setting aside the levy and sale afterwards made.—*Nuckols v. Mahone,* 15 Ala. 212; *Cawthorne v. Knight,* 11 Ala. 268.

None of the grounds stated in the motion justified the ruling of the Circuit Court; and its judgment is reversed, and a judgment here rendered, overruling the motion made in the court below.

BRICKELL, C. J., not sitting, having been of counsel.