[McLaughlin v. Bradford.]

# McLaughlin *v.* Bradford.

*Motion to set aside Sale of Lands under Execution.*

1. *Sale of lands under execution, after conveyance by defendant.*—When lands are sold under execution, on a judgment which was rendered after the debtor had sold and conveyed them to another person, putting the purchaser in possession, the sale under execution can not injuriously affect the rights of such purchaser.

2. *Motion to set aside sale under execution; who may make.*—A sale of lands under execution will not be set aside, on motion, at the instance of a person whose rights can not be injuriously affected by it.

APPEAL from the Circuit Court of St. Clair.
Tried before the Hon. LEROY F. BOX.

JNO. T. HEFLIN, for appellaut, cited *Henderson v. Sublett,* 21 Ala. 626 ; *Lankford v. Jackson,* 21 Ala. 650.

M. M. SMITH, *contra,* cited *Fabel v. Boykin,* 55 Ala. 383.

SOMERVILLE, J.—The motion is to set aside an execution sale of land, made by a sheriff on November 1, 1880. The execution was issued on a judgment rendered in favor of Bradford, against one Wiley Truss, the former owner of these lands. Truss, however, had conveyed the lands, in July, 1875, to his son, for a valuable consideration; and the latter again, in January, 1879, conveyed them to the appellant, McLaughlin, and one Foreman, who is not a party to this motion; and these vendees went into possesson of the premises, under this purchase, *before this alleged sale was attempted to be made.* It is thus made to appear by the evidence that McLaughlin and his co-vendee had a good legal title to the lands at the time of the attempted sale, and that no title passed by the execution sale to the appellee, Bradford, who was the purchaser, under the sheriff's deed. In fact, the defendant in execution had sold the lands before the recovery of Bradford's judgment, which was in February, 1877. This motion was made originally by Truss, and was on his death revived in the name of his heirs, McLaughlin being added as a co-plaintiff.

Truss having conveyed the lands by a deed containing the usual warranty of title, perhaps his interest was sufficient to maintain the motion, and so with that of his heirs.

[Jackson v. King.]

*Abercrombie v. Connor*, 10 Ala. 293. We may assume, too, that McLaughlin's connection with the title authorized him also to be united as a plaintiff in the motion.—*Henderson v. Sublett*, 21 Ala. 626.

We are, then, confronted with the fact, that no sale in fact was made by the sheriff—that the attempted sale made by him did not injuriously affect McLaughlin's title. The rule is, that no one can be heard to move for the vacation of a sale of this kind, unless he not only has an interest, but that such interest will be injuriously affected by allowing the sale to stand.—Freeman on Executions, § 305; Rorer on Jud. Sales (2d ed.), §§ 1084-85 ; *Mobile Cotton Press v. Moore*, 9 Port. 679; *Holley v. Boss*, 68 Ala. 206. The court will not interfere, by summary motion, and set aside an execution sale of lands, at the instance of the purchaser, merely on the ground that he had the title, and the defendant in execution had no interest in the lands at the time of the sale, or of the issue of the execution. This principle was settled by this court in *Nuckols v. Mahone*, 15 Ala. 212, where it was said : "If the land which was sold is really the property of the plaintiff in the motion, he may make his title appear, and defend his possession, when the purchaser asserts his rights ; but we have seen," adds the court, "the conflicting titles will not be determined, upon the application to set aside the sale." The objection, in other words, is one of which the complainant party could avail himself, as a full and complete defense at law, in the event of an action of ejectment, or other analogous action, being brought against him. He is, in fact, not injured or prejudiced by the alleged sale, in any proper legal sense. *Lee v. Davis*, 16 Ala. 516, 534 ; *Henderson v. Sublett*, 21 Ala. 626 ; *Shaw v. Lindsey*, 46 Ala. 290; *Cawthorne v. Knight*, 11 Ala. 268.

The court did not err in refusing to sustain the motion to set aside the sale, and the judgment is affirmed.