# Nearen *v.* Farrow.

*Motion to Set Aside Sale Under Attachment.*

(Decided May 8th, 1906.    41 So. Rep. 421.)

*Execution; Sale; Setting Aside; Motion by Purchaser.*—Where one purchased from a defendant in attachment, after issuance of attachment, but before the *renditioni exponas*, and afterwards purchased at a sale by the sheriff while an exemption claim and contest was pending, which was afterwards dismissed by agreement and compromise between plaintiff and defendant, such purchaser, on being substituted for the defendant. as the sole movant thereof is not entitled to have the sale under *renditioni exponas*, set aside.

APPEAL from Marshall Circuit Court.

Heard before HON. W. W. HARALSON.

Attachment proceedings by L. P. Nearen against W. T. Lawson. From a judgment granting a motion to set aside a sale under the attachment, in which Thomas L. Farrow was substituted for defendant as sole movant, plaintiff appeals.

The facts are stated in the opinion.

STREET & ISBELL, for appellant.—Striking out Lawson's name and inserting Farrow's worked an entire

change of parties, and operated as a discontinuance of the motion. A stranger cannot interpose and have an execution sale set aside because he and not the defendant was the owner of the property.—*Shaw v. Lindsey*, 46 Ala. 290; *Cawthorn v. Knight*, 11 Ala.; Freeman on Ex. (2d Ed.) 305. If he is the grantee of the defendant, he has such interest in the property as entitles him to move to set aside the sale if some other sufficient ground exists. —*McLaughlin v. Bradford*, 82 Ala. 431; *Henderson v. Sublet*, 21 Ala. 626. Courts will not attempt to determine questions of title in the summary manner of motion.--Authorities supra; *Thomas v. Haynes*, 90 Ala. 537; *Goodbar v. Daniel*, 88 Ala. 583. Especially is this true where the purchaser at the sale knows of the defect in the tile of defendant in execution.—*Thomas v. Glozner*, 90 Ala. 538. Before the sale will be set aside for want of title in the execution defendant, the sale must be void.—*Boykin v. Cook*, 61 Ala. 473. The sale may have been voidable at the election of the defendant, but was not void because made pending an undetermined claim of exemption.— *Clark v. Smith*, 75 Ala. 49. The claim of exemption was properly disregarded, because not filed until after judgment condemning the land.—*Stanley v. Sherman*, 83 Ala. 215; *Sherry v. Brown*, 66 Ala. 51; *Randolph v. Little*, 62 Ala. 396; *Lackland v. Rogers*, 113 Ala. 529. As to the effect of the United States statute with reference to homesteads. we cite the authorities next above, 16 Cyc pp. 824 to 826; Black on Judgment, Secs, 246 and 80; *Voorhees v. Jackson*, 10 Peters 449; *Cooper v. Reynolds*, 77 U. S. 308; *Thompson v. Baker*, 141 U. S. 648. The act of Congress had no application to this case. The debt was contracted prior to the date of the issuance of the patent, but subsequent to the making of final proof.— *French v. Spencer*, 62 U. S. 228; *Stark v. Star*, 73 U. S. 402; *Chipley v. Cowan*, 91 U. S. 330; *Long v. Morey*, 12 Am. St. Rep. 748.

JOHN A. LUSK. for appellee.—The power of the court to vacate the sale of land made under its process because of irregularity and illegality injurious to the party or

[Nearen v. Farrow.]

his privy, is well settled.—3 Mayfield's Dig. p. 637; *Beach v. Dennis*, 47 Ala. 262; *Ray v. Wamble*, 56 Ala. 32; *Lockett v. Hurt*, 57 Ala. 198; *Cowan v. Sapp*, 74 Ala. 44; *Holley v. Bass*, 68 Ala. 206. The sale should have been set aside because at the time, a contest of exemption was pending.—135 Ala. 139; 121 Ala. 611; 90 Ala. 479; 108 Ala. 497; 11 Ala. 651. The sale should have been set aside because it was void on account of the inhibition of the statute of the United States forbidding the sale of land entered under the homestead act to pay debts contracted before the issuance of the patent.— 1 Freeman on Execution Sec. 250; 5 Mayfield's Dig. 499, Sec. 23.

SIMPSON, J.—This appeal is taken from a judgment of the circuit court granting a motion to set aside a sale made under attachment and venditioni exponas. The facts as shown by the record are that on December 23, 1903, said appellant sued out an attachment against certain real estate of W. T. Lawson, defendant in attachment. The attachment was levied December 28, 1903, and judgment rendered and venditioni exponas ordered April 22, 1904; service having been had by publication, as the defendant was a nonresident. The venditioni exponas was issued May 5, 1904, and a writ of *fieri facias* issued at the same time. A return was made August 30, 1904, showing that the lands were sold on June 13, 1904, at which sale the firm of Farrow, Bain & Co. (of which firm the appellee, Farrow, was a member) are reported as purchasers, and the return goes on to state: "The purchasers failed to pay the purchase money; and, there being a claim of exemptions filed, I have for the above reason failed to make deed to the purchaser." The claim of exemptions was filed May 24, 1904, and contest of same filed May 27, 1904. This claim and contest remained on the docket until October 13, 1905, when it was dismissed on a written authority signed by said Lawson dated September 23, 1904, and it was in proof that it was in consequence of a compromise by which plaintiff paid defendant Lawson $25.

So this claim and contest were on the docket at the

time of the sale, but settled and dismissed for a consideration thereafter. On the 17th day of September, 1904, the motion was filed by Lawson to vacate the levy of the attachment and execution and set aside the sale, alleging that the sale was not perfected, as shown by the return; that after the levy, and before the sale was completed, the exemption and contest were filed; also that the lands levied on and sold, or attempted to be sold, had been procured by defendant under the homestead laws of the United States, his patent dating July 2, 1904, and the debt in question having been contracted November 14, 1903. On October 14, 1905, said motion being called for trial, and the plaintiff, Nearen, presenting Lawson's release of his claim of exemptions and asking that the motion be dismissed, said Thomas L. Farrow appeared and asked to be made a party movant to said motion, which was granted, over the objection of said Nearen; the record stating that said Farrow, "purchaser from W. T. Lawson," makes himself a party. The record goes on to state that it was shown to the court that said lands were entered by Lawson under act of Congress of May 20, 1862 (12 Stat. 392, c. 75), to procure homesteads, etc.; that final proof was made July 9, 1903, and patent issued July 2, 1904; also that on February 15, said Lawson had sold and conveyed said lands to said Farrow, who has been in possession ever since, all of which was objected to. But the court struck out the name of W. T. Lawson, and substituted therefor that of Farrow, and granted the motion, as shown by the judgment entry in the record dated October 21, 1905, from which this appeal is taken.

From these facts it will be noticed, first, that Farrow purchased from Lawson, after the issuance of the attachment, and before the *venditioni exponas,* and before the filing of the exemption claim; second, that subsequently, and while the exemption claim and contest was pending Farrow purchased at the sale made by the sheriff; third, that said Farrow is the only party now seeking to vacate the sale. So the only result which would follow from the granting of the motion would be to relieve Farrow from paying the purchase money, which he agreed to pay by

[Nearen v. Farrow.]

bidding at the sale with full knowledge of all the facts. He bought the land with notice of the attachment lien on it, and then seems to have made the effort to perfect his title by purchasing under the execution and also by paying to have the exemption claim dismissed, and then to have concluded that by reason of the prohibition by section 2296, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1398), of the sale of the lands of a homesteader for a debt contracted before the issuance of his patent, he had made a mistake in becoming a purchaser at the sale, because he already had a better title than he could get at that sale.

When to all this there is added the fact that this motion was commenced in the name of Lawson alone, and that he was stricken from the record as movant and the said Farrow made sole party movant, thus making an entire change of parties, we cannot see how the appellee could have any standing in court to claim a vacation of the sale. The right of amendment is limited by the rule that there cannot be "an entire change of parties," plaintiff or defendant. 4 Mayfield's Dig. p. 448, § 164. The movant, at any rate, did not bring himself within the principles of law which authorize a vacation of a judicial sale.—*Nuckols v. Mahone,* 15 Ala. 212; *Goodbar v. Daniel,* 88 Ala. 583, 7 South. 254, 16 Am. St. Rep. 76; *Thomas v. Glazener,* 90 Ala. 537, 8 South. 153, 24 Am. St. Rep. 830; *McLaughlire v. Bradford,* 82 Ala. 431, 2 South. 515; *Sheffey v. Davis,* 60 Ala. 548.

The judgment of the court is reversed, and a judgment will be here rendered dismissing the motion.

Reversed and rendered.

WEAKLEY, C. J., and TYSON, and ANDERSON, JJ., concur.