# Block *v.* Bragg.

*Motion for Summary Judgment against Sheriff for Failing to make Money on Execution.*

| 68 | 291 |
| 99 | 89 |
| 68 | 291 |
| 100 | 240 |
| 68 | 291 |
| 121 | 612 |
| 121 | 613 |
| 68 | 291 |
| 129 | 618 |

1. *Claim of exemption to lands on which an execution has been levied; effect of filing, and proceedings under.*—When a defendant in execution interposes a claim of exemption to lands on which an execution has been levied, and notice of the claim is given to the plaintiff, the levy is discharged, unless, within ten days, the plaintiff contest the claim in writing and under oath; and if the claim is contested, the officer making the levy is prohibited from selling until the contest is decided, although the lien on the property is preserved.

2. *Same; powers and duty of officer making the levy, when claim interposed.*—It is not the province of the officer who has levied an execution on lands, to pass upon the sufficiency of a claim of exemption interposed thereto by the defendant in execution. It is his duty to give notice of the filing of the claim to the plaintiff, and, in the event of a contest, make a return of the papers to the court from which the execution issued, where, if the claim is insufficient, it may be amended, and a trial of its validity be obtained.

[Block v. Bragg.]

3. *Same; when insufficient.*—A claim of exemption to lands on which an execution has been levied, is insufficient, if it fail to aver when the debt on which the judgment was rendered, was contracted, so that the law governing the exemption can be ascertained.

4. *Summary proceedings against sheriff for failure to make money on execution; when will not lie.*—Summary proceedings against a sheriff for failing to make money out of lands, on which an execution had been levied, and to which the defendant in execution had filed a claim of exemption, will not lie, when the plaintiff failed to contest the claim within the time prescribed by the statute; or when a contest of the claim commenced by him is still pending and undetermined.

APPEAL from Wilcox Circuit Court.

Tried before Hon. JOHN K. HENRY.

This was a proceeding instituted by the appellant against the appellee, as sheriff of Wilcox county, for a summary judgment for failing to make the money on an execution, under the provisions of section 3358 of the Code of 1876. The cause was submitted to, and tried by the Circuit Court on an agreement of the parties, and an agreed state of facts. These facts, as shown by the bill of exceptions, are substantially as follows: On December 14th, 1876, an execution was duly issued from the Circuit Court of Wilcox county, on a judgment recovered in that court by the appellant against one R. D. George, on April 22, 1869, for $484.90, and founded on a note executed by George on 1st January, 1866. This execution was levied on a tract of land containing 160 acres, and on an undivided one-fifth interest in another tract containing about 400 acres, which belonged to George. The former tract was worth $160, and George's interest in the latter was worth about $480. These two tracts adjoined, and George, with his family, resided on the larger tract, cultivating part of it, and rented out the cleared lands in the smaller tract. On 27th February, 1877, before any sale of the lands had been made, George presented the appellee an affidavit, claiming all the lands levied on as exempt to him from levy and sale, and on the same day filed his claim of exemption thereto in the office of the judge of probate of said county. It is not stated in either claim when the debt, on which the judgment was founded, was contracted. On 23d April, 1877, the appellee returned the execution "to ask the instructions of the court," alleging as his reason therefor, that George had claimed more than 160 acres. On 9th May, 1877, the appellant filed with the clerk of the Circuit Court an affidavit contesting the claim of exemption made by George; but the record is silent as to what, if any, disposition was made of the contest thus instituted.

At the Spring Term, 1877, this motion was made "for a rule against Thomas Bragg, sheriff of Wilcox county, for fail-

[Block v. Bragg.]

ing to make the money, as by due diligence he could have done, on the *alias* execution issued in this case on the 14th December, 1876, and received by him on same day." At a subsequent term the cause was tried by the court, without a jury, and the court rendered judgment for the appellant for $140, "that being the value of 140 acres of the land owned individually by said R. D. George, subject to sale under the execution of the plaintiff in this motion." It seems from the recitals in the judgment entry, that the court was of the opinion, that George was entitled to an exemption of $500, worth of land, as against the appellant's judgment. The assignments of error are, that the court erred, (1) in not rendering judgment for the appellant for $160, (2) in not rendering judgment for the appellant for the value of the undivided one-fifth interest in the tract of land containing 400 acres, and (3) in the judgment rendered.

COCHRAN & DAWSON, for appellant.

JONES & JONES, and B. HOWARD, *contra.*

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—After the levy of the execution, the defendant claimed the lands levied on as exempt, by a writing under oath. It is not stated expressly, that notice of the claim was given the plaintiff, but notice must be inferred from the fact, that the claim was contested by the plaintiff, by his making affidavit of its invalidity, and from the fact that notice does not seem to have been in the Circuit Court denied. It is the purpose of the statutes to avoid sales of property, real or personal, under judicial process, embarrassed by, or subject to claim of exemption. Such a sale would most often result in the sacrifice of the property, and open the way to vexatious litigation. To avoid these evils, a speedy method of testing the validity of the claim of exemption is provided, the initiatory step in which is a verified claim in writing by the party asserting the exemption. When the claim is interposed, and notice of it is given the opposite party, if within ten days he does not it writing and under oath contest it, the levy is discharged.—Code of 1876, § 2834. Until the contest is decided, though the lien on the property is preserved, the officer making the levy is prohibited from proceeding to sell.—Code of 1876, § 2835.

It is not the province of the officer to pass upon the sufficiency of the claim of exemption, or of the affidavit of contest. If insufficient, they would be amendable in the court

[Gunn v. Clendenin.]

from which the process issued, and to that tribunal their sufficiency must be referred. The claim of exemption is insufficient in failing to aver when the debt was contracted, on which the judgment was rendered, so that from it could be ascertained the law regulating the exemption.—*Randolph v. Little*, 62 Ala. 396. But the sheriff could not pass on its insufficiency; his duty was to give notice of it to the plaintiff in execution. The notice having been given, the plaintiff must have contested the claim, and if he made the contest, the duty of the appellee was a return of the papers to the Circuit Court, where, on proper issue, a trial of the validity of the claim of exemption could have been obtained. From the record it is apparent, that the plaintiff in execution failed, within the time prescribed, to contest the claim of exemption, in which event, it was the duty of the appellee, as sheriff, to discharge the levy; or if he made the contest, that it was undetermined, and until it was determined, the appellee was prohibited from selling the lands. In either alternative, there was no ground for the present proceeding; the appellee was not in default; and if there be error in the rulings of the Circuit Court, to which exceptions were taken, they were not of injury to the appellant and not available for a reversal.

Affirmed.

*Motion for Summary Judgment against Attorney at Law.*