# Wright *v.* Grabfelder & Co.

*Petition for Supersedeas of Execution.*

1. *Claim of exemption; when and how made.*—A claim of property as exempt from levy and sale under execution, or other legal process, may be asserted in either one of two ways: 1st, *before* the levy or seizure under legal process, by a declaration in writing, describing the property so claimed, verified by oath, and *filed for record in the office of the probate judge* (Code, § 2828); 2d, *after* the levy or seizure under legal process, by a similar claim in writing, and under oath, "*which must be lodged with the officer making the levy*" (*Ib.* § 2834); and if not asserted in one or the other of these two modes, the claim is waived.

2. *Same; after execution of forthcoming bond.*—When no declaration and claim has been filed prior to a levy, and the defendant is in possession of the property under a forthcoming bond, "it may admit of question whether a valid claim of exemption can be interposed" while the property so remains in his possession. Possibly, the proper practice would be to first surrender the property, in discharge of the bond, and then make the affidavit of claim; but this is not decided.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. H. C. SPEAKE.

This was a petition for the *supersedeas* of an execution, filed by James K. Wright, the principal defendant therein, and alleging these facts: On the 2d June, 1882, judgment was rendered against said petitioner, in favor of S. Grabfelder & Co., for $114.83, besides $9.30 costs; and upon this judgment an execution was issued, and placed in the hands of the sheriff of Jackson county. "Said execution was levied by said sheriff, by his deputy, on January 20th, 1883, on one black horse and one two-horse wagon; and petitioner executed bond and security for the delivery of the property on the day of sale, on the 5th day of March, 1883. On the 30th January, 1883, petitioner filed his schedule of exemptions, claiming said property as exempt, and, on the same day, notified the said deputy-sheriff that he had filed his schedule claiming said property as exempt; but said deputy-sheriff did not take possession of said schedule, but left the same with your petitioner. On the same day, said deputy had one other execution against your petitioner, which had been levied on one mule; and on presentation of said claim, said deputy released the mule, and discharged the levy. Not receiving any notice of contest, petitioner supposed the levy of the other execution (in favor of said Grabfelder & Co.) had also been discharged; and his child being very sick, he did not at-

[Wright v. Grabfelder & Co.]

tend on the 5th March, 1883, the day of sale, believing that said levy had been discharged; but, to his surprise, said execution was returned, indorsed '*Bond forfeited*,' and a new execution placed in the hands of said deputy-sheriff, who is about to levy the same upon the property of the sureties on the delivery bond, notwithstanding said schedule of exemptions was placed on file with the sheriff, before or about the time of the issuance of the new execution, and is now on file with the papers in the hands of said deputy who has said execution. Petitioner further shows, that said property was not liable to sale, and although levied upon, when the claim of exemption was interposed, then the bond was satisfied, unless trial of liability was had and property found subject."

A copy of the schedule and claim of exemption was made an exhibit to the petition, which shows that it was subscribed and sworn to, on the 30th January, 1883, before the judge of probate, and filed with him for record on that day. A demurrer to the petition was filed by Grabfelder & Co., assigning the following (with other) special grounds of demurrer: "7. It does not appear from said petition that the condition of said forthcoming bond was performed and satisfied, by a delivery of the property levied on to the proper officer, according to the terms of said bond, nor is any sufficient reason shown why said property was not so delivered." "8. It does not appear from said petition that the property levied on under said execution, and delivered to the defendant on the delivery of said forthcoming bond, was destroyed or died before the day for the delivery thereof, without fault on his part, and that the obligors in said bond have tendered the value thereof to the plaintiffs, their agent or attorney, and that such tender has been refused." Another ground of demurrer, specially assigned in different forms, was the failure of the petition to show that the claim of exemption was "lodged with the officer making the levy," as provided by the statute. The court sustained the 7th and 8th assignments of demurrer, but overruled the others; and the petitioner declining to amend, his petition was dismissed. The judgment sustaining the demurrer is now assigned as error.

L. C. COULSON, for appellant.

W. L. MARTIN, *contra*.

STONE, J.—Our constitution and statutes have exempted the homestead and certain personal property (up to a certain value), of the residents of this State, from liability to execution, or other process for the collection of debts. These exemptions, however, do not operate *ex proprio vigore*. To be

available, they must be asserted in proper time. In *Sherry v. Brown*, 66 Ala. 51, speaking on this question, we said : " Homestead exemptions, as well as exemptions of personal property, have always been construed by our courts as mere personal privileges, which may be, and are held to be waived, unless claimed at the time, and in the manner prescribed by law." And in *Block v. Bragg*, 68 Ala. 291, we defined, to some extent, what was necessary for the assertion of a valid claim of exemption.

Prior to the act of 1877, revising our exemption laws, we had very meagre provisions for asserting the right of exemption, and scarcely any statutory directions for controverting such right. That statute undertook to supply the necessary machinery. Section 2828 of the Code of 1876 provides for a claim of exemption, and a record to be made of it, before any levy or seizure is made. When this is done, no creditor can have the property seized, or levied upon, without first making affidavit, and giving bond, as prescribed in section 2830 of the Code. But the claimant of exemption was not required to resort to this method of asserting his claim. He could wait until after the levy was made, without thereby waiving his right to make the claim. Section 2834 of the Code declares how the claim shall be asserted, in such case. It may then be asserted "in writing, under oath, as provided in section 2828, which shall be lodged with the officer making the levy." This constitutes a valid assertion of claim in such conditions, and not only authorizes, but requires the officer making the levy, to desist from further execution, until certain proceedings therein prescribed are had. And this section clearly shows why it is that the affidavit of claim shall be lodged with the officer making the levy. It is his authority—his only authority—for suspending further execution. It is more : it is the initiatory step in the contest of the claim, should the plaintiff in execution elect to contest. It is the mode the law prescribes, for notifying the levying officer that the claim is made ; and when the written affidavit of claim is lodged with him, the claimant has nothing further to do, at that stage of the proceeding. This suspends the execution, and it then becomes the duty of the officer, within three days after the lodgment of such claim with him, to give to the plaintiff, his agent, or attorney, written notice of such claim, who may, within ten days thereafter, contest such claim. Failing to contest within the ten days, it is the duty of the officer to discharge the levy, and restore the property to the defendant. Now, it is manifest that, under this statute, the plaintiff in execution is entitled to notice—ten days notice—that property he has had levied on is claimed as exempt, before the levy can be discharged. The

[Wright v. Grabfelder & Co.]

levying officer must give this notice, and failing to do so in a proper case, he would be guilty of official misconduct, fixing a liability on himself; and hence, it is equally manifest, that the affidavit of claim should be lodged with him, before he could be required, or would even be authorized, to suspend execution, or to serve notice of claim on the plaintiff, his agent, or attorney. It follows from this, that there can be no valid claim of exemption, under section 2834 of the Code, until the affidavit asserting it is lodged with the officer making the levy.

According to the averments of the petition for *supersedeas*, the claim was not interposed, nor the affidavit made, until after the sheriff had levied, and the defendant had executed a forth-coming bond. It was then too late to make claim under section 2828 of the Code, and make that claim effective against the execution in this case. The claim, after levy, could only be made, by conforming to section 2834 of the Code. This requires that the affidavit of claim shall be lodged with the officer making the levy. The petition not only fails to show this was done, but the necessary implication is that it was not done; at least, until after the forth-coming bond was returned forfeited, and an execution issued thereon. Notifying the sheriff that he, defendant, had filed his schedule of exemptions, was not enough. This did not authorize suspension of the execution, nor require the sheriff to notify the plaintiff in execution that a claim of exemptions had been interposed. In fact, no such claim had been interposed, in the form and manner the law requires.

It may admit of question, whether a valid claim of exemption can be interposed, while the property remains with the defendant under a forth-coming bond. Difficulties might arise in the matter of executing bond under section 2836 of the Code. Possibly, the proper practice in such case would be, to first surrender the property in discharge of the forth-coming bond, and then make the affidavit of claim. But we need not decide this.

The judgment of the Circuit Court, sustaining the demurrer to the petition for *supersedeas*, is affirmed.