# Block *v.* George.

*Motion to set aside Sale of Lands under Execution.*

1. *Declaration and claim of exemption filed in Probate Court; contest, and subsequent levy.*—When a declaration and claim of exemption, valid on its face, has been duly filed of record in the Probate Court (Code, §§ 2828–30), a creditor can not afterwards have an execution levied on the lands claimed, without first making the preliminary affidavit contesting it; but, if the claim is substantially defective, as where the land exceeds the limit both in area and in value, it is no obstacle to a levy, and an affidavit contesting it is not necessary.

2. *Sufficiency of declaration and claim, in area and value of land.* A declaration and claim of exemption filed of record in February, 1877, in which the lands claimed are described as an undivided one-fifth interest in a tract containing 360 acres, and the entire interest in another tract containing 160 acres, alleged to be worth not more than $2,000, and claimed as exempt from liability for debts contracted prior to 1868, is substantially defective, being excessive both in area and value; and an execution may be levied on the lands, without a preliminary affidavit of contest.

3. *Claim of exemption lodged with sheriff after levy; contest thereof, and subsequent levy.*—When a claim of exemption, lodged with the officer making a levy (Code, § 2834), is contested by the plaintiff in the process, and judgment is rendered against him on the trial of the contest, such judgment is only conclusive as to the right of exemption at that time, and does not prevent a subsequent levy, or successive levies, against which the defendant can only protect himself by a declaration and claim duly filed of record in the Probate Court; and a dismissal or abandonment of the contest, without a trial on the merits, can have no greater effect than an adverse judgment on a trial.

4. *Setting aside sale of lands under execution.*—A sale of lands under execution will not be set aside, on motion, because an insufficient claim of exemption was of record in the Probate Court, and was not con-

[Block v. George.]

tested; but, if personal notice of the levy was not given to the defendant, thereby affording him an opportunity to interpose a new and sufficient claim, a different result might follow.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

This was a motion by Robert D. George to set aside a sale of certain lands under execution against him, in favor of D. W. Block, which were bought at the sale by Sol. D. Block. The execution was issued on the 3d September, 1884, on a judgment for $484.90, which was rendered by the Circuit Court of Wilcox on the 22d April, 1869, in an action commenced on the 14th March, 1869; and that action was founded on the defendant's promissory note for $383.48, dated January 1st, 1866, and payable on the 1st January, 1867. The execution was levied on the 1st October, 1884, on two eighty-acre parcels of land, sub-divisions of section 18, township 12, range 9, and the sale was made on the 3d November; but only 140 acres were sold. The sheriff's return on the execution does not state that notice of the levy was given to the defendant, nor was that fact alleged or proved on the trial of the motion. The motion to set aside the sale was founded on certain claims of exemption formerly made by the defendant in execution, and the plaintiff's alleged failure to contest these claims as required by law. On the trial of the motion, as appears from the bill of exceptions, these facts were proved:

An execution on the judgment was issued on the 14th December, 1876, and was levied on the 20th December, as shown by the sheriff's return, on said two eighty-acre parcels of land, "also, on the interest of said R. D. George in the estate of John George, as follows;" describing other lands, "containing in all 440 acres, more or less." On the 27th February, 1877, the defendant in execution made and filed in the Probate Court a declaration and claim of exemption, duly verified by affidavit, as follows: "Personally appeared Robert D. George," &c., "who, being duly sworn, says that the following described property, to-wit: an undivided one-fifth interest in the S. E. quarter of sec. 8, town. 12, range 9; the N. W. quarter of N. E. quarter of sec. 17, town. 12, range 9; the N. W. quarter of said sec. 17; and the E. half of the N. E. quarter of sec. 18, town. 12, range 9; also, the following lands owned by him individually, to-wit: the W. half of N. E. quarter, and the E. half of

[Block v. George.]

N. W. quarter, sec. 18, town. 12, range 9,—is declared and claimed by him as exempt from execution or sale on account of any debt or demand contracted at any time before the constitution of 1868 became operative; and affiant further says, that he resides with his family on the lands above described in which he has an undivided one-fifth interest, and that his entire interest in all the lands above described does not exceed $2,000." On the same day (February 27th, 1877), he made and lodged with the sheriff a claim of exemption, duly verified by affidavit before the clerk of the Circuit Court, claiming the lands levied on as "exempt from execution," and describing them by numbers as above. On the 23d April, 1877, the sheriff returned the execution, stating the levy and claim of exemption, and asking the instructions of the court, "the land claimed being more than 160 acres." On the 9th May, 1877, the plaintiff in execution made an affidavit contesting the claim of exemption; and on a later day of the term, he made a motion for a summary judgment against the sheriff, for his failure to make the money on the execution. At the May term, 1878, this motion was heard by the court without a jury, and a judgment for $140 rendered in favor of the plaintiff, "that being the value of 140 acres of the land owned individually by the said R. D. George, subject to sale under the execution of the plaintiff;" and this judgment was affirmed by this court, on appeal sued out by the plaintiff, the court holding that there was no error prejudicial to him.—*Block v. Bragg*, 68 Ala. 291.

No issue was formed on the contest of the claim of exemption, at the term at which plaintiff's affidavit was made; nor was it shown that anything was done in the matter of the contest, pending the proceedings against the sheriff. On the 3d June, 1881, another execution was issued on the plaintiff's judgment against George, and was levied by the sheriff, on the same day, on the same lands as before; but the levy was discharged, on the 21st June, as having been prematurely made, and the plaintiff having made and lodged with the sheriff, on the same day, an affidavit contesting the claim of exemption filed of record in the Probate Court, as above stated, another levy was made on the next day, and personal notice thereof given to the defendant. At the next term, the defendant moved the court to dismiss the proceedings, "and that said property claimed as exempt be declared not liable to sale under plaintiff's exemption, or other pro-

cess, and releasing said property from any levy thereon."
The court sustained this motion, and rendered judgment ac-
cordingly; and its judgment was affirmed by this court, on
appeal.—*Block v. George*, 70 Ala. 409.

On these facts, the court set aside the sale of the land;
to which ruling and judgment an exception was duly re-
served by the defendants to the motion, as also to the ad-
mission as evidence of the several claims of exemption above
set out; and these several rulings are here assigned as
error.

S. J. CUMMING, and J. N. MILLER, for appellant.

HOWARD & BECK, *contra*.

CLOPTON, J.—There are three classes of debts against
which homestead exemption is allowed, the character and
extent of the exemption being dependent on the time when
the debt against which it is claimed was contracted—
whether prior to the constitution of 1868; or after it became
operative, and before the act of April 23, 1873; or after the
passage of the act. There are, also, two modes in which
the exemption may be claimed; and a defendant in execution
will be held to have waived his right, if he knowingly per-
mits his property to be levied on and sold, without making
a claim of exemption in one of the modes provided.—*Mar-
tin v. Lile*, 63 Ala. 406.

As one mode, the statute provides, that " any resident of
this State, entitled to, and claiming such exemption, may at
any time make a declaration in writing, stating the property
so selected and claimed as being exempted, and describing
each piece or item of such property, with the value thereof,
in such manner that the same may be known and indentified
with reasonable certainty, and verified by the oath of such
party; such declaration and claim must be filed for record
in the office of the Probate Court of the county in which the
property is situated."—Code, 1876, § 2828. After the filing
of such declaration and claim for record, no execution, at-
tachment, or other process for debt, shall be levied on such
property, unless the plaintiff contest the validity of such
claim, in whole or in part, by making affidavit, and, if it be
proposed to levy on personal property, by giving bond, as
required by section 3830. The appellee insists, that he
made and filed for record a declaration and claim of exemp-

tion in compliance with the statute, and that the sale of the
lands should be set aside, inasmuch as the plaintiff in execu-
tion procured them to be levied on and sold without contest-
ing the claim.

In *Clark v. Spencer*, 75 Ala. 49, it was held, that when a
valid declaration and claim have been made and filed for
record, the preliminary step of contestation should be taken,
and that a levy and sale without inaugurating a contest are
irregular, and the sale will be set aside on timely application
by a proper party; and that a valid declaration and record of
claim, though only applicable to debts contracted after April
23, 1873, is sufficient to require the preliminary step to
contest, before the land can be levied on by execution for
a debt contracted prior to the time the constitution of 1868
went into effect.   There must, however, be a declaration and
record of claim of exemption *prima facie* sufficient as against
one of the classes of debts; for the making and filing for
record of the declaration and claim is, as to the creditors of
the claimant, *prima facie* evidence of the correctness of such
claim, and casts on the creditor the *onus* to show that it is in-
correct.—Code of 1876, § 2831; *Abbott v. Gillespy*, 75 Ala.
180.   The lands, the sale of which appellee moved to set
aside, were sold under a *pluries* execution issued on a judg-
ment rendered in April, 1869, for a debt contracted in 1866.
On February 27, 1877, the defendant, who is appellee, made
and filed for record in the office of the judge of probate a
declaration in writing, claiming the lands as being exempted
as against debts contracted before the constitution of 1868
became operative.   The claim of exemption having been made
against a specific class of debts, distinguishes it from the
claims heretofore considered by this court.   By the statutes
in force at the time the debt was created, "such real prop-
erty as may be selected by the head of the family, to include
the homestead, not to exceed three hundred and twenty acres,
and in value not to exceed five hundred dollars," was exempt
from levy and sale by any legal process.—Rev. Code, § 2880.
The mode, method and remedy for asserting, ascertaining,
and determining exemptions, when claimed in relation to
debts contracted since April 23, 1873, are made applicable
in cases of debts contracted before the constitution of 1868
became operative.—Code of 1876, § 2844.   A claim of ex-
emption, professedly and *eo nomine* against only one of the
classes of debts, should be *prima facie* a valid claim against
debts of such class.   When a claimant of exemptions, as

[Block v. George.]

against debts contracted prior to the latter date, attempts to conform to section 2828, he should set forth with reasonable certainty in his declaration and claim the lands selected, being governed in quantity and quality by the law in force at the time of the creation of the debt.—*Clark v. Spencer, supra.* In the declaration and claim filed for record by appellee, he claims as exempt an undivided fifth interest in designated lands, and also the lands sold, of which he is the sole owner; and states that his interest in all the lands described does not exceed *two thousand* dollars in value, being four-fold the statutory value. Section 2828 requires the valuation to be stated in the declaration, in order that it may appear that the land selected does not exceed the legal limitation. Unless the declaration and claim describe the selected land "in such manner that the same may be known and identified with reasonable certainty," coming within the requirements both as to quantity and value, there is no *prima facie* correct and valid claim of exemption—no such declaration and claim as call on the creditor to take the preliminary step to contest before he can procure a levy to be made. It states no facts which it is necessary he should deny, and shows on its face that the entire land selected and claimed is not exempt. The claim of exemption as made and recorded, even if no particular class of debts had been specified therein, is not *prima facie* valid against any one of the classes of debts. As to debts contracted before the constitution of 1868 became operative, it exceeds the limited value; and as to debts contracted thereafter, it exceeds the limited quantity.

The other mode of asserting the exemption applies in cases where levy of execution or other process has been made, and no declaration and claim of exemption has been filed for record under section 2828. In such case, the claimant may assert his claim in writing, under oath, as provided in said section, which shall be lodged with the officer making the levy, and which the plaintiff must successfully contest before the property can be sold.—Code, §§ 2834, 2835. An execution was issued on the judgment December 14, 1876, and levied on all the lands described in the declaration filed for record. After the levy, and on the same day the declaration was filed, February 27th, 1877, the appellee lodged with the sheriff a verified claim of exemption in writing. Notice of the claim having been given to the plaintiff, he filed, in May, 1877, an affidavit contesting it, after the expiration of the time allowed by law, and a second affidavit in June,

1881, without a new claim of exemption having been made. No issue was ever made up, and no further proceedings were had in the matter of the contest until November, 1881, when the Circuit Court, on motion of defendant, dismissed the contest for want of prosecution. Appellee further insists, that these proceedings preclude the plaintiff to procure a levy and sale of the lands under the execution issued in September, 1884. This raises for the first time the question, whether, where land has been levied on under execution, and a claim of exemption lodged with the sheriff, none being re-. corded in the Probate Court, the judgment creditor can have a subsequent execution levied on the land without first contesting the previous claim lodged with the sheriff.

The contestation of a claim of exemption, it has been said, is essentially a suit, in which the plaintiff in the process is the actor, and of which the levy is the institution. The right of exemption being determinable on the state of facts existing when the lien attaches, the contest must be determined on the grounds as they existed at that time. Events subsequently occurring will not operate either to support or defeat the right of exemption.—*McCrary v. Chase,* 71 Ala. 540; *Hines v. Duncan,* 79 Ala. 112. It follows, that had an issue been made up and judgment thereon, it only would have been conclusive of the right to the exemption at the time the levy was made under the execution and the claim interposed. Certainly a dismissal of the contest, without issue and trial on the merits, can not have any greater effect. After judgment on the contest in favor of the claimant, he may abandon his homestead by leasing it beyond the term permitted by the statute, or losing it otherwise, whereby it becomes subject to the payment of his debts; and in the absence of express declaration in the statute, or clear implication, it will not be intended that in such case the execution creditor is precluded to have the property levied on and sold. It may be said, that under this construction a heartless judgment creditor can annoy an unfortunate debtor by the issue and levy of successive executions, imposing the burden to interpose as many successive claims. But the debtor is not necessarily subject to such annoyance and hardship. He may protect himself by making and filing for record a declaration and claim as provided in section 2828, after the making and filing of which the statute intervenes, and prohibits the levy of any execution, attachment, or other process, without the preliminary institution of a contest. No such effect is given to

[Rabitte & Gaudin v. Orr Brothers.]

lodging a claim of exemptions with the officer after a levy has been made. The only effects are, to suspend the sale under the execution levied, if there be a contest, until it is decided, and on a successful assertion of the right, or if the plaintiff declines to contest, a discharge of the levy. The claimant may elect in which mode to assert his right and claim to exemptions, receiving the benefits, and incurring the consequential burdens of the mode elected.

The claim of exemption, which appellee lodged with the sheriff, though defective in material respects, was held sufficient, being amendable in the court from which the process issued, to put upon the plaintiff the duty of contestation. *Block v. Bragg*, 68 Ala. 291. And the judgment dismissing the contest was affirmed by this court.—*Block v. George*, 70 Ala. 409. Such proceedings and the judgment of dismissal, because of the failure of the plaintiff to prosecute, after having instituted the contest, may be regarded a *quasi* judicial admission of the right to the exemption at the time the claim was made.

An insufficient claim of exemption filed in the office of the Probate Court furnishes, by itself, no ground for vacating the sale.—*Sheffey v. Davis*, 60 Ala. 548. The sale should not have been set aside on the ground, merely, that defendant, in February, 1877, filed for record the declaration and claim shown by the record, in the absence of other evidence of irregularities, or of facts affecting the fairness and equity of the sale. A different result may follow, if it should appear, as to which the record is silent, that personal notice of the levy was not given as required by the statute, so as to afford defendant an opportunity to make a new or amended and sufficient claim of exemption.

Reversed and remanded.