# Bryan *v.* Kelly.

*Action on Constable's Official Bond.*

1. *Constable's official bond; validity, and how impeached.*—The official bond of a constable, which only recites that he "was required to

[Bryan v. Kelly.]

give a new bond," not stating or showing by what authority, is ordinarily regarded as voluntary and gratuitous; yet, in an action against him and his sureties, founded on it, its execution not being denied by plea verified by affidavit, nor its consideration impeached by plea, it is competent and admissible as evidence.

2. *Admission of principal, as evidence against him and his sureties.* In an action on an official bond, against the principal and his sureties, an admission by him being competent evidence against him, the better practice would be to thus limit its operation when offered and admitted; but, this not being done, the sureties can only protect themselves by a charge to the jury limiting its operation and effect.

3. *Claim of exemption, delivered to constable or his wife.*—A claim of exemption to property, on which an attachment has been levied by a constable, being delivered by the defendant, during the officer's absence from home, to his wife, with a request to deliver it to her husband; she becomes the defendant's agent to deliver it, and a delivery by her to her husband is equivalent to a delivery to the officer by the defendant in person.

4. *Claim of exemption; when officer may disregard.*—A claim of exemption, for property on which an attachment has been levied, may be disregarded by the officer, when the writ shows on its face that the claim is frivolous, and can not prevail against the plaintiff's demand; but he can not look beyond the writ itself to ascertain the facts.

5. *Landlord's lien, as against claim of exemption; attachment against crop, or against estate generally.*—A landlord's lien on the tenant's crops, for rent and advances, is superior to all other liens (Code, § 3056), and must prevail against a claim of exemption; and an attachment issued against the tenant's estate generally, but founded on an affidavit which states a statutory ground for an attachment against the crops, and levied on the crops only, though irregular, is sufficient to enforce the landlord's lien, not having been abated.

6. *Action on constable's official bond, for selling property claimed as exempt.*—An action for damages can not be maintained against a constable and the sureties on his official bond, on account of his sale of property under the levy of an attachment, in disregard of a claim of exemption which was lodged with him, when it appears that the claim was unfounded, that the property was in fact subject to the process, and the proceeds of sale were applied to the payment of the debt; and for the purpose of showing these facts, the papers in the attachment suit are admissible as evidence, the affidavit being the initial step.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

This action was brought by John W. Kelly, against W. R. Bryan and the sureties on his official bond as constable; and was commenced on the 11th of December, 1885. The bond, which was set out in the complaint, was dated November 26th, 1885, and approved November 28th; recited that said Bryan, as constable, "was required on the 18th of November, 1885, to give a new bond as such constable;" and was conditioned for the faithful discharge of his duties, as required by law. One of the breaches of the bond assigned in the complaint, and the only one it is necessary to notice, was, that said Bryan, while acting as constable, on or about November 5th, 1885, levied an attachment at

[Bryan v. Kelly.]

the suit of Wharton & Brittain, against the estate of plaintiff, on a quantity of cotton, corn and fodder, advertised the same for sale under the levy, and sold the property on or about November 30th, to satisfy the writ; "that after said levy, and before the day of sale, plaintiff lodged with said Bryan, as constable, his declaration and claim of exemption to said property, which had been sworn to and duly recorded; and that said Bryan, as constable, disregarding said claim of exemption, sold said property so levied on, to plaintiff's damage." The defendants demurred to this breach as assigned, "because it fails to show any wrong or injury in said sale by the constable, notwithstanding said claim or declaration;" and they also demurred to the complaint, "because it does not state or show that the bond sued on was an official bond, or that the same was taken, approved or filed under any authority of law." The court overruled the demurrer, and the cause was tried on issue joined on the plea of "not guilty," resulting, under the rulings of the court, in a verdict and judgment for plaintiff, for $194.70.

On the trial, as the bill of exceptions shows, the plaintiff having offered in evidence the bond on which the action was founded, the defendants objected to its admission as evidence, "on the ground that it showed on its face it was taken without authority of law, and did not show, nor was it shown by other evidence, why or by what authority said new bond was required of said Bryan as constable." The court overruled the objections, and admitted the bond as evidence; and the defendants excepted. The plaintiff then read in evidence the attachment at the suit of Wharton & Brittain, with its levy on the cotton, corn and fodder specified, and proved the sale of the property by the constable on the 30th November, 1885. The attachment was issued by a justice of the peace, on the 17th October, 1885, recited that the plaintiffs in attachment had complained on oath that John W. Kelly was indebted to them in the amount of $90.50, and had made oath "that said Kelly is about to remove the crop from the premises by them rented to him for the year 1885", and commanded a levy of the defendant's estate generally. The plaintiff then offered in evidence a certified copy of his declaration and claim of exemption, which he had made and filed in the office of the probate judge of the county on the 18th November, 1885; and testified, "that after making out and filing said claim of exemption, and on the day after it was made, he went with it to the house of said

Bryan, but found him away from home, and left it with his wife, with a request that he hand it to said Bryan, her husband; and that on the next day he saw said Bryan, who told him that he had received said claim. To the admission of this evidence, as to a declaration by said Bryan that he had received said claim, each of the defendants severally and separately objected," and excepted to the overruling of their objections.

The defendants then offered in evidence the affidavit and bond on which the attachment was issued; but they were excluded by the court, on objection by the plaintiff, and the defendants excepted. The affidavit was made by Isaac M. Wharton, one of the plaintiffs in attachment, and stated "that he and M. P. Brittain are just owners of the following lands in said county," describing them; "and that under a contract of renting said lands for the year 1885, which contract is in substance as follows: said Wharton & Brittain were to furnish the lands, and John Kelly was to furnish the teams and labor to cultivate the same, and said Wharton & Brittain furnished said Kelly with advances, consisting of money and other things of value, for the sustenance and well-being of said Kelly's family, and with implements to be used in cultivating the crop to be grown on said lands during said year; for which said Kelly agreed to pay said Wharton & Brittain the amount of $90.50; and affiant further states that he has good cause to believe, and does believe, that said Kelly is about to remove said crop from the premises, without paying for said rent and advances; and that this attachment is not sued out for the purpose of vexing or harassing said Kelly."

"At this stage of the cause," the bill of exceptions states, "the defendants moved the court to exclude from the jury as evidence the said declaration and claim of exemption, because the evidence does not show that it was lodged by the plaintiff, his agent or attorney, with the officer who made the levy; and because no notice was given to said Wharton & Brittain, that the same was lodged with the officer within three days, as required by law." The court overruled this motion, and the defendants excepted. The court charged the jury, in this connection, "that if plaintiff's claim of exemption was delivered by him to Bryan's wife, with the request that she would deliver it to her husband, and she delivered it to him; this would be, within the meaning of the

[Bryan v. Kelly.]

law, a sufficient lodgment with the officer making the levy." To this charge the defendants excepted.

The defendants requested the following charges to the jury, and duly excepted to the refusal of each: (1.) "If the jury believe the evidence, they must find for the defendants." (2.) "If the jury believe the evidence, they must find a verdict in favor of the defendants who are sureties on Bryan's said bond. (3.) "If the jury find from the evidence that plaintiff's claim of exemption was lodged with the wife of said Bryan, the constable making the levy on the property, and was not lodged with the officer by the plaintiff, his agent or attorney; then the making of the claim, and leaving it with the wife of the officer, would not put the officer in the wrong in making the levy and sale, and plaintiff would have no right to recover in this case." (4.) "If the jury find from the evidence that the writ of attachment was issued to enforce a landlord's lien on the property levied on; then it was not necessary for said Bryan, the constable, to regard the claim of exemption, and his sale of the property under the attachment would be no violation of plaintiff's rights."

All the rulings above stated are now assigned as error.

Geo. H. Parker, for appellants.

W. T. L. Cofer, contra.

CLOPTON, J.—A writ of attachment was issued by a justice of the peace in favor of Wharton & Brittain against the estate of plaintiff, and was levied by appellant Bryant, as constable, on personal property of the defendant in attachment, which was removed from the premises, and afterwards sold by the constable. After the levy, and before the sale, plaintiff filed in the office of the judge of probate a declaration and claim of exemption, and, as he alleges, filed the same with the officer making the levy. The action is brought by the plaintiff on the official bond of the constable, against him and his sureties; and the only breach assigned, in respect to which any evidence was introduced, is, that the constable disregarded the claim of exemption, and sold the property. The other breach is, that the constable refused to accept a replevy bond which was tendered by plaintiff; but no evidence was introduced to show that such bond was tendered, and no question arises on that breach.

The question in regard to the validity of the bond was raised by objections to its introduction in evidence, the specific grounds of objection being, that it shows on its face that it was taken without authority of law, and it is not shown by what authority it was required. The bond recites, that the constable was required to give a new bond, and it is set forth in the complaint as the foundation of the action, and purports to be signed by the defendants. Though an official bond, executed without statutory requirement as a condition precedent to entering into, or continuing in the office, is ordinarily regarded as voluntarily and gratuitous; when it is set forth in the complaint as the foundation of the action, and purports to be executed by the defendants, and its consideration is not impeached by plea, nor its execution denied by verified plea, it may be properly admitted in evidence to go before the jury. There is no plea impeaching the consideration of the bond, or denying its execution.—Code, 1886, §§ 2769, 2770; *Johnston v. Caffey*, 59 Ala. 336.

The declaration and claim of exemption was filed in the office of the judge of probate, November 18, 1885. The plaintiff testified, that on the next day he went to the home of the constable, and, finding him absent, gave the claim to his wife, and requested her to deliver it to him, and that the constable afterwards admitted that he had received it. Defendants severally objected to the admission of the constable being received in evidence. It was clearly competent as an admission against himself, even if it be conceded that it is not admissible against his sureties. In such case, it would be the better practice, to limit the operation of the evidence when received; but, this not being done, a co-defendant's only remedy is by a charge, limiting and confining its effect and operation to the defendant making the admission.—*Lewis. v. Lee Co.*, 66 Ala. 480.

Section 2521 of the Code of 1886 provides, that "the defendant in person, or by his agent or attorney, may, at any time after the levy, and prior to the sale, file with the officer making the levy a claim in writing verified by oath." If the evidence be believed, the wife of the constable became the agent of the plaintiff to deliver the claim of exemption; and if actually delivered by her to the constable, it was, in the meaning of the statute, filed with the officer making the levy, by the agent of the defendant in attachment.

The attachment was issued October 17, 1885, and was

[Bryan v. Kelly.]

levied on the fifth day of November thereafter. The claim of exemption was filed with the officer November 19, 1885, and the bond sued on was approved November 28th, 1885. The property was sold two days thereafter. It is manifest that the plaintiff is not entitled to recover on the bond any damage suffered from any act of the constable prior to the approval of the bond, from which time, under the statute, it took effect.—Code, 1886, § 189.

The material question in the case is, whether the constable was authorized to sell the property, in disregard of the claim of exemption; and if not authorized, what damage did the sale cause the plaintiff? The question arises on the exclusion of the affidavit, on which the attachment issued, when offered in evidence by the defendants, the plaintiff's having previously introduced in evidence the attachment itself. In *McLaren v. Anderson*, 81 Ala. 106, the question arose on a proceeding to set aside a sale of a homestead under an execution. It was held, that a sheriff could not inquire behind the face of the process in his hands, and determine for himself that the judgment rests on a cause of action against which the homestead exemption is unavailing. But it is also said: "If the judgment and execution had disclosed on their face that the recovery was for a tort, it would have been the duty of the sheriff to disregard the claim as frivolous, and to proceed and make the sale. The execution, however, gave him no such information. It could not do so without going beyond the judgment-entry, which the clerk was not authorized to do."

The writ of attachment is very informal and irregular. It does not state that the amount claimed to be due is for rent and advances, nor any statutory ground on which an attachment is authorized to issue for the enforcement of a landlord's lien, and is issued generally against the estate of the defendant. Had it described or recited the substantive averments of the affidavit on which it issued, and had it been issued against the crops grown on the rented premises, so as to show its nature, the constable would have been authorized to disregard the claim of exemption.—*Ex parte Barnes*, 84 Ala. 540. The attachment fails to describe the affidavit with sufficient fullness to authorize the constable to look beyond it to the affidavit.

In considering the question of injury, it should be observed, that this is an action brought by a party claiming to be aggrieved by the sale of his property, on an official bond,

against the principal and his sureties. To entitle the plaintiff to recover, he must, under the statute prescribing the extent of the obligation of the bond on the principal and sureties, show injury, either by a wrongful act of the constable committed under color of his office, or by his failure to perform, or the improper performance or neglectful performance of some duty imposed by law.—Code, 1886, § 273. The attachment is not void. Though issued against the estate of the tenant generally, it is merely irregular; and having been levied on the crops only, and not having been abated, is capable of enforcing the landlord's lien.—*Ellis v. Martin*, 60 Ala. 394. It is well settled, that the lien of a landlord for rent and advances is superior to all other liens, and will prevail against a claim of exemption, as regards the crops grown on the rented premises.—*Ex parte Barnes*, *supra*. The declaration of exemption not only makes a general claim, but also recites the attachment and its levy, and claims the property levied on as exempt particularly from the attachment. If the relation of landlord and tenant in fact existed between the plaintiffs and defendant in the attachment, and the indebtedness is for rent and advances, and the attachment was issued for the enforcement of the landlord's lien, and the crops levied on were grown on the rented premises, they are subject to the attachment, and the claim of exemption is frivolous and unavailing. If these substantive facts, when appearing on the face of the process, authorize the officer to disregard the claim of exemption, they also, when established by reference to the affidavit and other evidence, in an action on his bond, make manifest that his disregard of the claim could work no injury to the plaintiff, his property having been sold for the payment of a debt which was a paramount lien. This is on the same principle that a sheriff, when sued on his official bond, for failure to make the money on an execution, may show in defense that the property of the judgment debtor is incumbered by mortgage or other lien, superior to the lien of the execution, to an amount in excess of its value, and in consequence the plaintiff has sustained no injury.—*Abbott v. Gillespy*, 75 Ala. 180; *Wilson v. Strobach*, 59 Ala. 488. A disregard of a claim of exemption, by selling the property in satisfaction of a lien which prevails against it, when the claim is, in law and fact, frivolous and unavailing, is not of the classes of breaches of the official bond, which entitles the party to recover nominal in the absence of proof of

[Maxwell v. Grace.]

actual damages, such as failing to return an execution, as required by law, or to perform like duties. For the purpose of showing that the plaintiff had not been injured by the sale of the crops, it was permissible for the defendants to prove that the attachment was in fact issued for the enforcement of a valid and subsisting landlord's lien; and as the initial step, the affidavit was admissible to show its nature, and the ground on which it issued. We presume it was properly identified, as the bill of exceptions recites, in terms, that it was the affidavit on which the attachment was based.

The court did not err in the charges given and refused. Charge numbered five, requested by defendants, asserts a correct proposition of law, but there was no evidence before the jury on which to base it. For the error mentioned, the judgment is reversed, and cause remanded.