# Schuer & Bro. v. King.

### Real Action in the Nature of Ejectment.

1. *Homestead exemption; what constitutes "filing" with levying officer.* Under Code 1886, § 2521, which provides that a claim of homestead exemption, if made after the levy of an execution, shall be made by "filing" with the officer making the levy a verified claim; it is not a sufficient filing with the officer that the claim be merely handed to him after levy and while the execution is in his hands, and then withdrawn from him before the sale and filed for registration with the judge of probate, such registration being effective only where a claim of exemption is made before levy.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

On the trial the defendant pleaded the general issue, and also interposed a motion, which he had entered on the motion docket, to set aside the execution sale and deed made by the sheriff, under which plaintiffs claimed title, on the ground that the property levied on was his homestead, and that after the levy and before the sale thereunder, he filed a verified claim of exemption, which was disregarded by the sheriff.

The plaintiffs moved the court to strike the motion from the docket, because it came too late and because it could not be made in this cause. The court overruled the plaintiffs' motion, to which ruling an exception was duly reserved. Issue then being joined by plaintiffs, on the defendant's motion, the plaintiffs offered in evidence before the jury the judgment, execution thereon with endorsements and the sheriff's deed. The defendant offered in evidence his motion to vacate said sale and deed and the judgment of the court thereon, and testimony relating to the filing of his exemption claim with the sheriff, which testimony, together with plaintiffs' testimony on the same point, is sufficiently set out in the opinion of the court. This being all the evidence the court, at the request in writing of the defendant, gave the general charge in his favor, and to this action of the court the plaintiffs duly excepted. The plaintiffs requested the court to give the written charge set out in the opinion of the court, and upon the refusal of the court to give the same the plaintiffs duly excepted.

[Schuer & Bro. v. King.]

S. H. DENT for the appellant.

A. M. McLENDON and A. H. THOMAS for the appellee.

STONE, C. J.—Schuer & Brother brought a statutory real action against King for the recovery of the land in controversy. Their title rested on a money judgment recovered by them against King and one H. W. Day, execution issued thereon, levy on the lands sued for, sale by the sheriff, and purchase by Schuer & Bro. at the sheriff's sale. They produced also the sheriff's deed, conveying the title of the land to them. This constituted plaintiffs' title. The defense was that the lands were the homestead of defendant King, and that he had interposed his claim of homestead exemption before the lands were sold, which they claimed they had filed with the sheriff, and that officer had disregarded.

Before entering upon the trial of the ejectment suit, King entered a motion to quash, vacate and set aside the sheriff's sale and conveyance, on the ground that he had at the proper time interposed his sworn claim of homestead exemption, which should have arrested the sale; but that the sheriff had proceeded to sell and convey the lands notwithstanding such claim. It is now objected by plaintiffs, Schuer & Bro., that this motion, to entitle it to be entertained, should have been filed in the original suit against King & Day, and not in this action of ejectment against King.

We do not think the facts bear out this objection. The motion refers directly to the judgment of Schuer & Bro. under which the lands were levied on and sold, and although Day's name is not mentioned in the motion, it is impossible to mistake the identity of the suit, the execution and sale to which it has reference.

If the sale and deed were properly set aside, of course it left plaintiffs without title to the land, and they could not possibly recover. That title, if left in force, would maintain their action. So, the real question of merit in this case is, the rightfulness *vel non* of the order setting aside the sheriff's sale.

A claim of homestead exemption, if made after levy of execution upon it, is provided for in § 2521 of the Code of 1886. It provides that "the defendant, in person, or by his agent or attorney, may, at any time after the levy and prior to a sale, file with the officer making the levy a claim in writing, verified by oath, to such property," &c. This being done, it becomes the duty of the sheriff to suspend the sale and to give to the plaintiff, his agent or attorney, "written notice of the filing of the claim." Then follow directions for contesting the exemption, with a provision that if contest

be not instituted within ten days, the levy must be discharged. This case raises the single question whether the claim of exemption was properly "filed with the officer making the levy," for it is not pretended that any contest of the claim was interposed, or that any notice was given to plaintiffs that homestead exemption was claimed.

The levy in this case was made April 2, 1891, and the sale was made May 4th next afterwards. The affidavit of claim bears date April 29, 1891, and no question has been raised on its sufficiency. It is probably defective in one particular, but under our decisions it was amendable in the court below. *Block v. Bragg,* 68 Ala. 291; *Block v. George,* 83 Ala. 178; *McLaren v. Anderson,* 81 Ala. 106.

A witness for defendant King testified "That a few days prior to the sale of the lands under the execution, he gave to M. L. Passmore, sheriff of said county [the officer who made the levy and sale], the following paper, to-wit.: [here follows a copy of the sworn claim of homestead exemption.] Continuing, he testified, "That a short time after he had shown said above stated claim of exemption to said M. L. Passmore, sheriff as aforesaid, and before the sale of said lands under said above mentioned execution, he took back from said M. L. Passmore the said claim of exemptions, and filed the same in the office of the judge of probate of said county." On the paper which constituted a part of this witness' testimony, and which was itself the claim of exemption, the judge of probate made this indorsement: "I certify that the within declaration was filed in my office for record on the 29th day of April, 1891, at 2 o'clock P. M., and duly recorded on the 30th day of April, 1891, in exemption book A, page 175, and examined. A. H. Alston, Judge of Probate."

This was all the testimony offered by movant on the question of filing the claim with the sheriff. It will be seen that on the very day on which the affidavit was made, at 2 o'clock p. m. on that day, the claim was filed with the judge of probate for registration. Giving to this testimony the most liberal interpretation, we think the most it tends to prove is, that the claim of exemption was simply shown to Passmore, the sheriff, or handed to him for a brief time, and then carried away.

Passmore, the sheriff, was himself examined in rebuttal. He testified, "that the above stated claim of exemptions was never filed with him at any time, and that he has no recollection of ever having seen the same." True, he testified that before he made the sale he was shown a written notice that the property was claimed as exempt, referring to the recorded affidavit of claim in the probate office. This, however, was of no service to defendant in this case. Registra-

tion is serviceable, only when the claim is made and filed for record before the levy is made.— *Wright v. Grabfelder*, 74 Ala. 460.

In *Mitchell v. Corbin*, 91 Ala. 599, it was said by this court that "The right to an exemption is not waived or lost by the failure to make and file for record a declaration, claiming the same as exempt, before the levy of the process. The defendant in the process may, at any time after the levy and prior to the sale, claim the exemption; but to constitute it valid and operative, he must file with the officer making the levy a claim in writing, describing the property, and verified by oath. . . . When such claim is filed with the officer, it becomes his duty to notify plaintiff in the process, and if he fail to institute a contest within ten days, the levy must be discharged; but if he institute a contest within the time prescribed, the statute provides that the property shall not be sold by the officer until the contest is decided, but the lien thereon under the process or levy shall not be destroyed, or impaired by the pendency of the contest."—Code, § 2521.

In *Block v. George*, 83 Ala. 178, the language of this court was, that "The other mode of asserting the exemption applies in cases where levy of execution or other process has been made, and no declaration and claim of exemption has has been filed for record under section 2828. [This under the Code of 1876.] In such case, the claimant may assert his claim in writing, under oath as provided in said section, which shall be lodged with the officer making the levy, and which the plaintiff must successfully contest before the property can be sold." See also *Randolph v. Little*, 62 Ala. 396; *Block v. Bragg*, 68 Ala. 291; *McLaren v. Anderson*, 81 Ala. 106; *Martin v. Lile*, 63 Ala. 406; *Wright v. Grabfelder*, 74 Ala. 460; *Bryan v. Kelly*, 85 Ala. 569; *Block v. George*, 70 Ala. 409; *Clark v. Spencer*, 75 Ala. 49.

When claim of exemption is made and filed for record before there is a levy, no execution can be levied upon the property so claimed to be exempt, until a contesting affidavit has been made and filed with the clerk. And the fact of such contesting affidavit having been so made and filed must be indorsed upon the process, to authorize a levy by the sheriff. Code of 1886, §§ 2515–19 inclusive. The affidavit, and in certain cases the bond required to be made and filed with the officer, (Code, § 2520), have a twofold effect: They screen the officer from liabilty for damages for making the levy, (Code, § 2540,) and they are the institution of a contest of the claim of exemption. Hence the policy of requiring them to be filed with the officer making the levy. He returns them to the court, and they become a part of the file.
16

[Cohn Bros. & Co. v. Stringfellow.]

So, when no claim of exemption has been made and filed of record before the levy, but such claim is interposed afterwards, the policy and necessity of filing it with the officer is equally apparent. It is his excuse for suspending further proceedings under the execution until the contest is decided; for without such affidavit he would be officially responsible for not selling the property taken under the process. It becomes his excuse and authority for notifying the plaintiff that such claim has been interposed, and for discharging the levy, in the event no contest thereof is filed by plaintiff within the time prescribed by the statute.—Code, § 2521. Lastly, if the claim be contested, the affidavit becomes the foundation of such contest; and, to this end, it is necessary that it be filed with the officer making the levy, that he may return it with the other papers to the court in which the issue is to be tried. In fact, if such affidavit be contested, it is the fundamental fact which gives rise to the issue to be formed.

In 7 Amer. & Eng. Encyc. of Law, p. 960, is this language: "A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file." In *Pfimann v. Henkel*, 1 Bradw. (Ill.) 145, it was said by the court that "Filing a paper, *ex vi termini*, means placing and leaving it among the files." See also *Lamson v. Falls*, 6 Ind. 309.

On the motion to set aside the sale, the inquiry whether the sworn claim of exemption had been filed with the sheriff before he made the sale was submitted to a jury. We have stated above the substance of the whole of the testimony bearing on that question, and the record informs us it contains all the evidence. The plaintiffs, Schuer & Bro., asked the court to charge, "If the jury believe from the evidence that the sworn affidavit of exemption introduced in evidence was given to the sheriff, and then before the sale taken from him and filed in the office of the judge of probate, then they must find for B. Schuer & Bro." This charge was refused, and they excepted. Interpreting it in the light of the testimony, the court erred in refusing to give it.

Reversed and remanded.