Appellant filed his bill in the chancery court of Limestone county to obtain a partition of lands between tenants in common, or a sale for distribution, and incidentally, to have a certain deed conveying a part of the land declared fraudulent, and canceled. He failed in toto in his suit and his bill was dismissed, and a decree was rendered against him for the costs and fees incurred. An execution was issued on this decree, and levied upon lands of the defendant. He thereafter filed a claim of exemptions in the probate office of Limestone county, thereby claiming the land as his homestead, and notice thereof of the claim was given to the sheriff; but the sheriff disregarded the notice and claim, and sold the property levied upon. Appellant then filed a bill or petition in the chancery court of that county, seeking and praying that the levy and sale be quashed and declared null and void, because the property levied upon and sold was not subject to levy and sale, and because such levy and sale were an abuse of the process of that court, and calling upon the court to restore the plaintiff to his rights, and to restore the status quo of the property subsisting before the wrongful levy and sale.
The facts stated in the bill or petition were conceded to be true by agreement of counsel, and the case was by agreement submitted to a special chancellor for decision, the chancellor being disqualified. The special chancellor entered the following decree:
"This cause having been submitted in term time for decree in vacation on petition of Frank Smith to quash an execution and set aside sale of real estate, and on testimony in said cause as noted by the register, and it appearing to the court that the claim of exemptions of the said Frank Smith as shown by the sworn petition of said Frank Smith was filed in the office of the probate judge after levy of the execution, but before the sale of said real estate, and the sheriff was merely notified that said claim had been filed which seems to the court an insufficient compliance with the requirements of law. Scheuer v. King, 100 Ala. 238, 13 So. 912, 913.
"It is therefore ordered, adjudged and decreed that the petitioner, Frank Smith, has not shown that he is entitled to the relief prayed for, and that his petition be dismissed.
"This the 18th day of October, 1915."
From this decree the appellant prosecutes this appeal.
 Opinion.
All courts have the inherent power, and it is their duty, to prevent an abuse of their process, and, on timely motion, to annul and set aside sales had under their process, when wrongfully made, if the rights of innocent purchasers have not intervened to prevent such relief. At common law, if an execution issued on a judgment that had been paid or satisfied, or the defendant had any good legal reason why the execution should not be enforced against him, the writ of audita querela was the proper remedy by which he could bring his defense before the court and obtain relief. This writ was the commencement of a suit by the defendant against the plaintiff in the original judgment, in which the defendant regularly declared, setting forth the grounds of his defense to the original judgment and execution. To this declaration the plaintiff in the judgment was required to plead or demur, and thus the issues were presented to the court in the same manner that issues of fact or of law are made up in ordinary suits. Edwards v. Lewis, 16 Ala. 813.
Supersedeas takes the place in Alabama practice of the writ of audita querela. Matters which operate as an equitable satisfaction of a judgment may be inquired into under the writ, but matters behind the judgment cannot be inquired into. Thompson v. Lassiter, 86 Ala. 536, 6 So. 33. The same strictness of pleadings is not required as to writs of supersedeas, as in chancery, and the court could credit an execution on the hearing with the amount paid, and let it stand as to costs and damages of approval. Id. The proceeding by supersedeas is a substitute for the ordinary proceeding of audita querela. Thompson v. Lassiter, 86 Ala. 536, 6 So. 33; Bank v. Coleman, 20 Ala. 140; Mervine v. Parker, 18 Ala. 241. Supersedeas is the proper mode of presenting a defense to an execution on a summary judgment, which the party has no previous opportunity to present. Dunlap v. Clements, 18 Ala. 778. An execution may be superseded if an unjust or improper use is attempted to be made of it, although the execution be authorized by the judgment. Lockhart et al. v. McElroy, 4 Ala. 572
(overruling Fryer v. Austill, 2 Stew. 120); Rutland's Adm'r v. Pippin, 7 Ala. 469. *Page 199 
There can be no question that the property sold was not liable to the process or to sale under the execution, if it were the homestead of appellant — and that it was his homestead is conceded or confessed by the record before us. It is not sufficient to deny the relief prayed in a court of equity, because the claim of exemption itself was not lodged with the sheriff, as well as filed in the probate office, before the sale. If this were an action against the sheriff, in a court of law, to recover damages as for a wrongful levy upon, or sale of, exempt property, then the fact that the claim was not lodged with the sheriff before the levy or sale might be a defense; but this fact alone should not cause the appellant to lose his homestead, or be unable to remove this cloud upon his title.
The proceeding being in a court of equity, the court should have set aside the sale, and put the plaintiff in execution to a contest of the claim of exemption, or have placed on him the burden to show that the property was subject to the process. The Constitution and statutes of this state exempt the homesteads of residents from sale under process. These provisions of our law are regarded as humane and beneficent in their nature, and as founded upon a sound public policy. They should be so liberally construed as to embrace all persons and property which fairly come within their scope. What was said by this court in the case of Knight v. Davis, 135 Ala. 141,33 So. 36, is apt and conclusive here:
"After the levy of the execution upon the house and lot occupied by defendants as their residence, they interposed their claim of exemptions, in writing, to it, as their homestead, verified by oath and presented their said claim to the sheriff before a sale of the property. The claim is regular on its face and should not have been disregarded by the sheriff. The sale made by him was an abuse of the process of the court and was properly set aside. The defendants were not put in default by the act of the sheriff in returning to them the claim with the statement that he was not going to pay any attention to it. It was his duty to respect it and to give written notice to the plaintiff in execution of its filing with him. His failure to perform his duty did not and could not impair the defendants' rights. Straughn v. Richards, 121 Ala. 611,25 So. 700; Allen v. Towns, 90 Ala. 479, 8 So. 101; Milligan v. Cox, 108 Ala. 497, 18 So. 734."
It is true in this case that the claim itself was not given to sheriff, but he was notified of it and of its filing, and if the claim was true, the property was not subject to process; and even if he were not liable in damages because the claim was not so lodged with him, this would not prevent a court of equity from setting aside the sale, and saving the homestead.
The special chancellor, in denying the relief, based his decree upon the decision or ruling of this court in the case of Scheuer v. King, 100 Ala. 238, 13 So. 912. That case, however, is distinguishable from this, in several particulars. That was an action of ejectment in a court of law, in which the legal title had to prevail, and in which no equitable defenses, however good, were availing. The validity of the sale under the execution was not raised directly, but collaterally, in an action of ejectment between the purchaser at execution sale and the defendant in execution. In that case the claim of exemptions was confessedly not made or filed with the sheriff, or in the probate office, until after the levy. In this case the petition alleges that the claim of exemptions was filed in the probate office before the levy was made. This allegation in the petition, together with all others, was agreed to be true; and if true, then the levy was wrongful, as well as the sale. When a proper claim is on file in the probate office, as is authorized by sections 4168-4170 of the Code, the property claimed therein is not subject to levy, without proper indorsements on the execution, and such filing is notice to the sheriff and to the world, and must be considered prima facie correct. Code, §§ 4170-4172.
It is true that the date indorsed on the execution was prior to the date of the filing of the claim of exemptions, hence there must have been a mistake as to one of these dates. Otherwise the claim was not filed in the probate office before the levy. But, under the agreement, I think the special chancellor and we are bound by the allegation in the petition that the claim was filed in the probate office before the levy of the execution. Moreover, as this is an equitable action in a court of equity, we should be unwilling to allow a mere mistake as to the filing of the claim with the sheriff to defeat appellant's homestead rights, when it clearly appears that there was no intent on his part to waive or abandon the assertion of his claim, but a mere mistake as to the mode of asserting it. If it were an action of ejectment in a court of law, where equitable defenses were not availing, I might then hold differently, as was done in the case relied upon by the special chancellor. Even in a court of law the remedy by supersedeas like this is treated as an equitable action or proceeding.
Supersedeas in this state is not, strictly speaking, a proceeding at common law; under our practice it is substituted for the common-law writ of audita querela, and the ground of the jurisdiction to award it with us is the power and duty of all courts to prevent the abuse of their process where an improper or unjust use is attempted to be made; the writ with us is in the nature of a bill in equity. Jesse French Co. v. Bradley, 143 Ala. 530, 39 So. 47.
Where the action of an officer under color of judicial process is to deprive a party of a clear legal right and operate an injustice to him from an improper use of the process of the court, supersedeas is the remedy. Jesse French Co. v. Bradley, supra. *Page 200