# Allen *v.* Towns.

*Motion to set aside Sheriff's Sale of Lands under Execution.*

1. *Claim of homestead exemption; sale without notice to plaintiff in execution.*—When a claim of homestead exemption, regular on its face, is interposed to lands on which an execution has been levied by the sheriff, it is his duty to give written notice thereof to the plaintiff, his agent, or attorney (Code, § 2521); and if he makes a sale without giving such notice, the plaintiff in execution becoming the purchaser, the sale will be set aside on motion of the defendant.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This was a motion by Isaac N. Towns, to set aside a sale of certain lands by the sheriff, under an execution against him in favor of E. D. Allen, at which sale Allen became the purchaser. On the evidence adduced, the court set aside the sale, and the sheriff's deed to the purchaser; and this judgment is here assigned as error.

E. H. HANNA, for appellant.

MATTHEWS & WHITESIDE, *contra.*

SOMERVILLE, J.—The claim of homestead exemption, which was in writing, and properly verified by oath, embraced the lands in controversy, was in due form, and was, prior to the sale, lodged with the sheriff, who had levied the execution of the appellant, Allen, on the homestead premises. It thereupon became the duty of the sheriff, within three days thereafter, to give to the plaintiff in execution, his agent or attorney, " written notice of the filing of the claim."—Code,

[Horton v. Elliott.]

1886, § 2521. This mandate of the statute the sheriff violated, and proceeded to sell the land, and at this sale Allen, the execution creditor, became the purchaser. This proceeding is a motion made by Towns, the owner of the homestead, to set aside the sale, and the motion was granted by the trial court.

The sale was a clear abuse of the process of the court, and this is the basis of the recognized jurisdiction of courts, both of law and of equity, to set aside sales under executions, so as to secure the ends of justice and fair-dealing.—*Holly v. Bass*, 68 Ala. 206. The statute contemplates that there shall be, not only a notice of the filing of such claim of exemption, but a contest of its validity by the proper tribunal. If regular on its face, it can not be disregarded by the sheriff; and no sale of the homestead premises can be lawfully made by him, until such contest is decided.—Code, 1886, § 2521, 2526, 2528, 2541.

It was no fault of the defendant in execution, who is the appellee here, that the sheriff failed to discharge his duty by giving the required notice. His rights should not, therefore, be prejudiced by such official dereliction.

The irregularity was sufficient to justify the City Conrt in setting aside the sale.—*McLaren v. Anderson*, 81 Ala. 106.

The judgment is according affirmed.