# Milligan v. Cox.

*Motion to Vacate Sheriff's Sale.*

1. *Homestead exemptions.*—Where an attachment is levied on land, and after a judgment in the attachment suit and before the levy of execution thereon, the defendant claims the land as exempt, and files the claim in the probate court and also lodges it with the officer levying the attachment, which is not contested, a levy of execution upon, and sale of the land thereunder is void.

APPEAL from Geneva Circuit Court.
Heard before Hon. J. W. FOSTER.
The facts appear in the opinion.

M. E. MILLIGAN, for appellant, cited *Pond v. Griffin*, 1 Ala. 678; *Langdon v. Raiford*, 20 Ala. 532; *Autrey v. Waters*, 46 Ala. 476.

T. J. Cox, *contra.*—83 Ala. 178; 68 Ala. 291; 63 Ala. 406; 85 Ala. 569; 70 Ala. 409; 75 Ala. 49.

COLEMAN, J.—The appeal is prosecuted from a judgment of the court, setting aside and annulling a sale by the sheriff, under an execution, of the homestead of the appellee.

The motion of the appellee seems to have been seasonably made, and the only question is whether the facts sustained the judgment of the court. The lands were levied upon by attachment from the justice's court, and on appeal to the circuit court, judgment was rendered for the plaintiff for the amount of the debt. There was

32

[Crosby v. City Council of Montgomery.]

no order of *venditioni exponas* of the land, asked for or granted. The plaintiff sued out an execution on the judgment, which was levied upon the same land, and by the sheriff sold. After the levy of the attachment and again after the recovery of the judgment and before the levy of the execution, a claim of exemption of the property of the homestead, was filed in the office of the judge of probate of the county, complying with the laws as provided in section 2515 of the Code. The claim as first filed, was lodged with the constable, who levied the attachment. The exemption thus claimed and filed was never contested, nor were any steps taken to contest it, as provided in section 2520 of the Code. In defiance of the claim of exemption declared by the defendant and filed in the office of the probate judge, the appellant had the execution levied and the property sold by the sheriff, and himself became the purchaser.

There is not the shadow of merit in his contention, and the judgment of the circuit court must be affirmed.

Affimed.