# Straughn v. Richards.

*Claim of Exemption; Informalities or Defects Amendable Not Ground to Reject.*

1. *Defects in claim of exemption.*—Informalities or defects which are amendable in the court, in a claim of exemption presented to a levying officer, will not justify him in assuming its invalidity or in disregarding it by proceeding to sell the property claimed.

2. *What does not destroy claim.*—The fact that the officer to whom a claim of exemption was handed gave the claim back to the defendant with the statement that he would have nothing more to do with the matter did not destroy its effect. The defendant having presented the claim to the officer the property so claimed was thereby protected from sale until the claim was successfully contested.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. J. W. FOSTER.

The plaintiff sued the defendant in detinue to recover certain lumber. Prior to this suit the plaintiff had recovered a judgment against the defendant before a justice of the peace. Execution issued on this judgment and was levied on the lumber. The defendants made out a claim of exemption which he handed to the constable having the execution in hand, who looked at it and handed it back to the defendant with the remark that he would have no more to do with the matter. The claim as presented was defective, but the defect was one curable by amendment. The constable sold the lumber un-

der the execution and the plaintiff became the pur-
chaser and had the lumber moved. The defendant on
the next day hauled the lumber back to his own prem-
ises. There was verdict and judgment for the defend-
ant, the court having given the affirmative charge at
his request. The plaintiff appealed and assigns as error
the giving of this charge to the defendant and in refus-
ing the affirmative charge to him. Affirmed.

MORGAN D. JONES, for appellant.—(1). The claim of
exemption was not filed with the officer, because it was
not received by him to be kept on file.—60 Am. Dec. 705;
20 Am. St. Rpts. 102; 43 Ib. 900; *Phillips v. Deene*, 38
Ala. 248. (2). The claim was defective; it did not show
when the debt was contracted; it did not describe the
property; it was the duty of the officer to disregard it.
*Ely v. Blacker et al.*, 112 Ala. 311; *Young v. Hubbard*,
102 Ala. 333; *Tousnere v. Craft & Bucklan*, 88 Ala. 312;
*Block v. George*, 83 Ala. 178; *McLaren v. Anderson*, 81
Ala. 106. (3). Defendant being a trespasser could not
question the title of plaintiff.—*Dozier v. Joyce*, 8 Por-
ter 303; *Staker v. Yurley*, 11 Ala. 332; *Huddleston v.
Huey*, 73 Ala. 295; *Wortham v. Gurley*, 356.

B. H. LEWIS, *contra*, cited, *Wright v. Grabfelder*, 74
Ala. 460; *Kennedy v. The Bank of Tuscaloosa*, 108 Ala.
170; *Tousnere v. Bucklan*, 88 Ala. 314.

SHARPE, J.—Unless the case be one in which the
right of exemption does not exist, a claim of exemptions
made in due time when not frivolous or wanting in the
essentials of a *bona fide* claim cannot be lawfully ig-
nored. When so made, mere informalities or defects in
the claim, which might be fatal on objection made in the
court having jurisdiction of the cause, will not justify
the levying officer in assuming its invalidity or in disre-
garding it by proceeding to sell the property claimed.
In such case, the sufficiency of the claim becomes a ju-
dicial question which the officer is without power to de-
termine, and which must be referred to the court by a
contest in the mode prescribed by the statute.—*Kennedy
v. Smith*, 99 Ala. 83; *McLaren v. Anderson*, 81 Ala. 106;
*Block v. Bragg*, 68 Ala. 291; Code § 2047.

[City of Eufaula v. Speight.]

The claim in question as presented to the constable shows a definite claim to the lumber in controversy in substantial compliance with the statutory requirements. Code § § 2041-2047. The defect in failing to show that the debt was contracted during the existence of the law creating the exemption was amendable in the discretion of the court, and was not such as to influence the action of the constable.—*Block v. Bragg, supra.*

Having presented the claim to the constable, the property so claimed was thereby protected from sale until the claim was successfully contested. The defendant was not placed in default by the act of the constable in returning to him the claim with the statement that he would have nothing more to do with the matter. The failure of the officer to do his duty in respect of retaining the claim and bringing it to the notice of the plaintiff may have deprived the defendant of the right to a release of the property until the plaintiff was given the opportunity for ten days to contest, but the effect of the claim was not destroyed thereby.

The sale upon which the plaintiff bases his right to recover was unauthorized and conveyed to him no title. There was no error in giving the charge requested by defendant.

Affirmed.