# Knight *r.* Davis, *et al.*

*Motion to set aside Sheriff's Sale of Lands under Execution.*

1. *Homestead exemption; valid as against judgment; breach of covenant in a deed.*—As against a judgment recovered in an action for the breach of a covenant in a deed and the execution thereon, the defendants in said suit are entitled to homestead exemptions.

2. *Claim of homstead exemptions; sale without notice to plaintiff in execution.*—When a claim of homestead exemptions, regular on its face, is interposed to lands' on which an execution has been levied by the sheriff, it is the duty of the sheriff to give written notice thereof to the plaintiff, his agent or attorney; and if he makes a sale without giving such notice, the plaintiff in execution becoming the purchaser, such sale will be set aside on motion of the defendant.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. OSCEOLA KYLE.

The appellant, Emma Knight, brought an action against the appellees, R. M. Davis and Carrie Davis, to recover damages for the breach of a covenant in a deed. Judgment was recovered by the plaintiff in this suit. Upon this judgment an execution was issued and levied upon a house and lot which was occupied by defendants as a homestead. After the levy of the execution upon said house the defendants interposed their claim of homestead exemptions in writing to said property, and after it was verified by oath, presented their claim to the sheriff. The sheriff disregarded the claim and sold the property under said execution levied thereon. At said sale the appellant, Emma Knight, became the purchaser. Thereupon the defendants, R. M. Davis and Carrie Davis, filed a petition setting out said facts, and moved the court to make an order quashing said levy and vacating and setting aside said sale and conveyance, and that said sale and conveyance

[Knight v. Davis *et al.*]

be cancelled and held for naught. Upon the hearing of
this motion, the facts as above stated were proved.
There was also evidence introduced by the defendants,
who were the movants, that when their claim of exemptions was handed to the sheriff after the levy of the execution, he handed it back to R. M. Davis and stated that
he was not going to pay any attention to it.

Upon the hearing of the case the court granted the
motion, and rendered a judgment quashing said levy,
vacating and setting aside said sale and conveyance, and
ordered that the same be cancelled and held for naught.
To the rendition of this judgment the respondent to said
motion, Emma Knight, duly excepted. Respondent appeals and assigns the rendition of said judgment as error.

F. T. PETTY, for appellant.—To claim exemptions is
a right which must be asserted according to the provisions of the constitution and laws of Alabama.—*Motley
v. Jones,* 98 Ala. 443; *Craft & Co. v. L. & N. R. R. Co.,*
93 Ala. 92, and *Jarrell Exr., v. Payne,* 75 Ala. 577.

There can be no exemptions allowed as against a judgment for damages for breach of warranty of title to
land, which is a legal wrong.—*Northern v. Hanners,*
121 Ala. 587; *Vincent v. State,* 74 Ala. 274; *Williams
v. Bowden,* 69 Ala. 433.

W. F. ESSLINGER, *contra,* cited *Wadsworth v. Williams,* 101 Ala. 264; *Packet Co. v. Slater,* 101 Ala. 245;
*Garner & Co. v. Ullman & Co.,* 99 Ala. 218.

TYSON, J.—This appeal is prosecuted from a judgment of the circuit court, setting aside and annulling a
sale by the sheriff, under an execution, of the homestead
of the appellees. The judgment, upon which the execution issued, was founded upon a cause of action arising
out of a contract—a breach of covenant in a deed. The
action, was, therefore, *ex contractu* and not *ex delicto.*
5 Ency. Pl. & Pr., 343 *et seq.*

As against this execution, the defendants' homestead
was exempt to them from levy and sale.—Code, § 2033;
Const. 1875, § 2 of Art. X.

[Kornegay et al. v. Mayer, Admr.]

After the levy of the execution upon the house and lot occupied by defendants as their residence, they interposed their claim of exemptions, in writing, to it, as their homestead, verified by oath and presented their said claim to the sheriff before a sale of the property. The claim is regular on its face and should not have been disregarded by the sheriff. The sale made by him was an abuse of the process of the court and was properly set aside. The defendants were not put in default by the act of the sheriff in returning to them the claim with the statement that he was not going to pay any attention to it. It was his duty to respect it and to give written notice to the plaintiff in execution of its filing with him. His failure to perform his duty did not and could not impair the defendants' rights.—*Straughn v. Richards,* 121 Ala. 611; *Allen v. Towns,* 90 Ala. 479; *Milligan v. Cox,* 108 Ala. 497.

Affirmed