**Beverly SATTERFIELD, Plaintiff,**

v.

**A. B. CLARK et al., Defendants.**

**Civ. A. No. 80–39–S.**

United States District Court,
M. D. Alabama, S. D.

May 29, 1981.

Legal Services Corporation of Alabama, Judy A. Newcomb, Dothan, Ala., for plaintiff.

Farmer & Farmer, James D. Farmer, Dothan, Ala., for L. D. Brinkman/Southeast.

Rufus R. Smith, Jr., Dothan, Ala., for City National Bank of Dothan, Alabama.

Rushton, Stakely, Johnston & Garrett, Thomas H. Keene, Montgomery, Ala., for Wade H. Baxley.

Denny L. Holloway, Dothan, Ala., for Clark and Houston County, Alabama.

## MEMORANDUM OPINION

HOBBS, District Judge.

Plaintiff brings this action pursuant to 28 U.S.C. § 1343(3)(4) contending that the disposition of her car by the sheriff of Houston County, Alabama violated her constitutional rights giving her a cause of action under 42 U.S.C. § 1983. All defendants have filed motions for summary judgment. The Court concludes that such motions should be granted.

## FACTS

Defendant Wade Baxley brought suit against Mr. and Mrs. Satterfield in the Circuit Court of Houston County, Alabama as the attorney for defendant L. D. Brinkman/Southeast, a corporation. On or about December 18, 1978, a default judgment was entered against the Satterfields on said suit in the amount of $888.74.

In February 1979, defendant Baxley filed a letter with the clerk of said court on behalf of Brinkman requesting levy and execution. Specifically, he sought such levy on a 1975 Volvo automobile. When the sheriff sought to execute on the levy, he was advised by plaintiff and her husband that the car was owned by a corporation. Defendant Baxley thereupon directed the sheriff not to pick up the car since his

judgment was only against Mr. and Mrs. Satterfield, individually. Subsequently, defendant Baxley discovered that the car was owned by Mr. Satterfield. He again requested execution by the sheriff.

The Volvo automobile was actually taken by the sheriff or his deputies on April 12, 1979. The sheriff's office then mailed a letter to Mr. and Mrs. Satterfield advising them that they could pay the judgment and all proceedings would be terminated. When the Satterfields neither posted bond nor paid the judgment, the car was scheduled for sale.

On April 27, 1979, a personal property exemption of $1,000.00, as provided for by Title 6–10 6 of the Code of Alabama 1975,[1] was filed on behalf of Mr. Satterfield. Defendants admit that they did not challenge this exemption filed by Mr. Satterfield. At the time he filed this personal exemption, however, Mr. Satterfield did not own the car in question. Title had been transferred from Mr. Satterfield to his wife, the plaintiff. Mrs. Satterfield, the true owner of the Volvo automobile, never filed a personal exemption.

The sheriff's sale originally scheduled was cancelled after the personal exemption was filed by Mr. Satterfield. At this time, defendant Baxley also learned that the Satterfields intended to file bankruptcy.[2]

On or about January 3, 1979, the Satterfields had borrowed $3,000.00 from defendant City National Bank of Dothan and had executed a promissory note evidencing said indebtedness. They had also pledged the 1975 Volvo as security for the loan and waived all exemptions.[3] The Satterfields never made a payment to the Bank and were in default on said note prior to the time they filed in bankruptcy.

---

1. Section 6–10–6 provides as follows: "The personal property of such resident, to the amount of $1,000.00 in value, to be selected by him or her, and, in addition thereto, all necessary and proper wearing apparel for himself or herself and family, all family portraits or pictures and all books used in the family, shall also be exempt from levy and sale under execution or other process for the collection of debts."

2. The Satterfields did in fact file bankruptcy. On July 11, 1979 (as the defendants contend) or in November (as plaintiff contends), the bankruptcy judge declared the Satterfields a "no asset" case and left Brinkman and the Bank to pursue their remedies on their judgment and note.

3. The debt instrument between the Bank and the Satterfields provided in pertinent part: "The parties to this instrument whether maker, endorser, surety or guarantor, each for himself,

Sometime after making the loan to the Satterfields, the Bank learned of the Brinkman judgment. On April 11, 1979, the Bank perfected its security interest in the Volvo by filing the application for title evidencing it as first lienholder. On or about July 27 or July 31, 1979, the Bank took an assignment of the Brinkman judgment, which was superior to the security interest of the Bank.

On July 31, 1979, the Bank wrote Mrs. Satterfield a letter informing her of the assignment and that she had ten days to contact the Bank and make arrangements to redeem her automobile. Plaintiff contends that she never received the July 31 letter from the Bank. At any rate, plaintiff made no effort to contact the Bank following this notice of July 31, 1979.

On or before October 23, 1979, the Bank sold the car for $2,500 at a private sale. At no time did plaintiff make any attempt whatsoever to contact the Bank with regard to redeeming her automobile or making any payment on her note.

## CONCLUSIONS OF LAW

Plaintiff does not dispute the validity of the default judgment entered against her and in favor of L. D. Brinkman/Southeast on December 18, 1978. Nor does plaintiff argue that the initial seizure of her automobile by the Houston County Sheriff acting pursuant to this default judgment was in any way improper. Similarly, with respect to defendant Bank, plaintiff does not argue that the Bank lacked a valid security interest in the automobile and with it the right to seize the Volvo so long as the Bank could take possession without committing a breach of the peace.[4]

Instead, plaintiff focuses on the failure of the sheriff's department to release the Volvo automobile to Mrs. Satterfield following the filing of a personal exemption by Mr. Satterfield. Specifically, plaintiff contends that the filing of a personal exemption by Mr. Satterfield placed defendant sheriff under a duty to return the Volvo automobile to Mrs. Satterfield in the event defendant Brinkman failed to contest Mr. Satterfield's claim of a thousand-dollar exemption within ten days of the filing of said personal exemption. Plaintiff's argument rests primarily on § 6–10–26 of the Code of Alabama 1975.[5] She asserts that defendant sheriff failed to perform his duty under § 6–10–26 of releasing the car because de-

hereby severally waive as to this debt, or any renewal thereof, all rights of exemption under the Constitution and Laws of Alabama, or of any other State, as to personal property..."

4. It is clear under Alabama law that the defendant Bank had a right to seize and dispose of the Volvo pursuant to its pledge as collateral for plaintiff's note at the Bank. Section 7–9–503 of the Alabama Code 1975, adopting language from the Uniform Commercial Code, provides: "Unless otherwise agreed, a secured party has, on default, the right to take possession of the collateral. In taking possession, a secured party may proceed without judicial process if this can be done without breach of the peace..."

5. Section 6–10–26 provides as follows:
The right of homestead or other exemption shall not be waived or lost by a failure, before the levy of process, to file for record a declaration claiming the same; but the defendant, in person or by his or her agent or attorney, may, at any time after the levy and prior to a sale, file with the officer making the levy a claim in writing, verified by oath, to such property, or any party thereof, as exempt and, if of a part, describing the same; and, within three days thereafter, such officer must give to the plaintiff or his or her agent or attorney written notice of the filing of the claim. Thereupon, the plaintiff, in person or by his or her agent or attorney, may contest the claim in the mode provided in section 6–10–25; except, that no bond need be executed; and on the institution of such contest, the officer shall, within three days thereafter, give the defendant written notice of the same. If the plaintiff does not institute such contest within 10 days after notice of the claim, the levy shall be discharged, the property, if personal, shall be returned to the defendant and the plaintiff shall be taxed with the costs of making the levy and keeping the property. When the levy has been made on personal property, the defendant must file with his or her claim the statement of personal property, choses in action and money, with the value and location thereof, as required by the provisions of section 6–10–29.

fendant Baxley, as the attorney for defendant Brinkman, failed to instruct the sheriff to release, the car or conspired with the sheriff to have him retain the car and allow possession of the car to pass to defendant Bank. Plaintiff argues that if the sheriff had returned her car after the claim of exemption went unchallenged, the Bank could not have gained possession of the car. Plaintiff contends that she would have refused to surrender the car and thereby blocked the Bank in its effort to get the car by creating a potential breach of the peace. On the basis of these allegations, plaintiff contends that the failure of the sheriff to return the Volvo to her after defendant Brinkman failed to contest her husband's claim of exemption constituted a violation of her right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution. The Court cannot agree.

■ The Court disagrees with plaintiff's threshold contention that the retention of the Volvo automobile by the sheriff's department following the filing of a personal property exemption by plaintiff's husband violated § 6–10–26, or any other law of Alabama. The exemption filed by G. E. Satterfield claimed the Volvo as exempt personal property only "to the extent that the net value of said vehicle does not exceed $1,000.00." Defendant Baxley testified in deposition that one of the reasons he declined to contest Mr. Satterfield's exemption was his firm belief that the car's value exceeded one thousand dollars by an amount sufficient to satisfy his client's judgment against the Satterfields. Thus, defendant Baxley explained that he was simply not concerned by G. E. Satterfield's claim of a thousand-dollar exemption.

While the Court admits that under Alabama law defendant Baxley's failure to contest G. E. Satterfield's exemption may amount to a concession on the part of defendant Brinkman that Mr. Satterfield is entitled to the thousand-dollar exemption, the Court cannot agree that such a concession on the part of a creditor requires the return of all property to the debtor. This would be the result dictated by plaintiff's interpretation of § 6–10–26.

Under plaintiff's reading of § 6–10–26, the creditor apparently has only two choices when a debtor files a claim for a thousand-dollar personal property exemption: (1) the creditor may contest the debtor's claim of exemption and enter into further litigation on this issue; or (2) the creditor may decline to contest the debtor's claim and forfeit all rights to the possession or sale of the seized property. Common sense dictates that there exists a third alternative in order to accommodate the situation in which a creditor agrees that the debtor is entitled to his claim of a thousand-dollar exemption but the property seized has a fair market value sufficiently in excess of $1,000 to satisfy both the creditor's claim and the exemption. Clearly this third alternative is logical if the property involved cannot be divided and the property is greatly in excess of the claimed exemption. In such a situation why should the creditor have to contest an exemption against which he has no argument? [6]

Other grounds exist for concluding that there has been no violation of Alabama law; i. e., that the sheriff was not required to turn over the Volvo following Mr. Satterfield's uncontested filing of a personal property exemption. The record developed thus far indicates that Mr. Satterfield did not

---

6. For example, assume a hypothetical situation where a creditor obtains a $100,000 default judgment against an individual owning a yacht having a value of $150,000 and such creditor proceeds through proper channels to have the yacht seized and sold by the sheriff to satisfy the default judgment. The debtor then files a personal exemption claim of $1,000. Plaintiff creditor agrees that defendant debtor is entitled to the thousand-dollar exemption and recognizes that he must pay the debtor the cash value of his exemption following the sale of the yacht. According to plaintiff Satterfield's interpretation of § 6–10–26, the creditor must contest the debtor's claim even though both parties agree that the debtor is entitled to the thousand-dollar exemption. Also, according to plaintiff's argument, if the creditor proceeds to sell the debtor's property and then pays the debtor $1,000, the creditor has violated § 6–10–26, and in addition has deprived the debtor of his constitutional right to due process.

own the Volvo at the time he filed his personal exemption. Without dispute, title to the car had previously passed to his wife, plaintiff in this law suit. The question then arises of whether the sheriff was required to honor a claim of exemption filed by a party not owning the personal property in question.

Admittedly, there are Alabama decisions construing § 6–10–26 to deprive the sheriff of any discretion in passing on the validity of an exemption. However, there is language in other decisions empowering the sheriff to make certain limited inquiries prior to allowing the post-filing mechanisms of § 6–10–26 to come into play. The sheriff need not, for example, honor an exemption "wanting in the essentials of a bona fide claim...." *Straughn v. Richards*, 121 Ala. 611, 25 So. 700, 701 (1899). The sheriff may also "disregard a claim of exemption...where the execution is issued upon a judgment based upon tort or other demand, against which the statute does not authorize a claim of exemption to be interposed." *Kennedy v. Smith*, 99 Ala. 83, 11 So. 665, 666–67 (1892). On the basis of such decisions, one might conclude that the sheriff here is likewise not required to honor a claim of exemption filed by a party not owning the property in question.

Plaintiff's entire lawsuit rests ultimately on the assumption that defendants violated § 6–10–26. Plaintiff does not contend that any law of Alabama is unconstitutional. Rather, the theory of plaintiff's case is that the violations of plaintiff's constitutional rights protected by 42 U.S.C. § 1983 arise from defendants' failure to comply with the laws of Alabama governing the seizure and sale of property. Thus, the Court's conclusion that defendants complied with the law of Alabama makes further inquiry in this suit unnecessary. However, because Alabama law is far from clear on this point, the Court chooses not to rest its holding solely on this point. Rather, the Court finds that even if there has been some irregularity or violation of Alabama law, the infractions involved do not rise to the level necessary to state a cause of action under Section 1983.

Although an increasing number of suits are filed which seem to disregard this limitation of Section 1983, it is axiomatic that not every violation of state law by a state official acting under color of state law is a violation of Section 1983. *Croker v. Hakes*, 616 F.2d 237 (5th Cir. 1980); *State of Mo. ex rel. Gore v. Wochner*, 620 F.2d 183 (8th Cir. 1980); *Miller v. Carson*, 563 F.2d 757 (5th Cir. 1977); *Jones v. Marshall*, 528 F.2d 132 (2nd Cir. 1975); *Hanna v. Homes Ins. Co.*, 281 F.2d 298 (5th Cir. 1960). Only when violations of state law result in infringement of a federally protected right does this Court have jurisdiction. Mrs. Satterfield alleges that the actions of defendants in this case violated her right to due process secured by the Fourteenth Amendment to the United States Constitution. Even viewing the facts most favorably to the plaintiff, as required by defendants' motions for summary judgment, the Court finds no such violation of plaintiff Satterfield's constitutional rights.

The Court's conclusion that Mrs. Satterfield has suffered no deprivation of her constitutional rights is implicit in the preceding discussion of Alabama law. Even if the Court has not correctly interpreted the statutes of Alabama involved in this suit, the existence of statutes having the effect described by the Court would certainly be consistent with the requirements of due process.

All of the decisions of the United States Supreme Court relied on by plaintiff in support of her claim that her constitutional rights were violated arose out of fact situations far different from that now at hand. See *North Georgia Finishing, Inc. v. Dichem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Each of these cases involved the taking of property *prior* to the entry of a final judgment in the underlying dispute, without any notice to

debtor and without the opportunity for any sort of due process hearing prior to the pre-judgment seizure of the debtor's property. The situation now before the Court differs radically from such a scenario.[7]

In the case now before the Court, plaintiff Satterfield had the opportunity to litigate fully the underlying dispute prior to any seizure of her property. Plaintiff Satterfield chose not to exercise this right to a plenary trial on defendant Brinkman's claim against her. She has, in fact, never disputed the validity of Brinkman's initial claim or the judgment subsequently entered against her for the amount of that claim. Only *after* plaintiff Satterfield had been given the opportunity to challenge defendant Brinkman's claim in open court and before a jury did the sheriff seize the Volvo automobile owned by the Satterfields. This Court holds that under these circumstances the requirements of due process have been met.[8] Even if the sheriff or defendant Baxley or defendant Brinkman was guilty of some irregularity under the Alabama statute, their actions simply do not amount to a deprivation of plaintiff's constitutional rights.[9]

A judgment will be entered in accordance with this opinion.

---

7. In analyzing these decisions relied upon by plaintiff, the United States Supreme Court most recently concluded: "The fundamental requirement of due process is the opportunity to be heard and it is an 'opportunity which must be granted at a meaningful time and in a meaningful manner.'" *Parratt v. Taylor,* —— U.S. ——, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In the instant suit, it seems abundantly clear that plaintiff Satterfield has received just such an opportunity.

8. As to defendant Bank, nothing in the argument of plaintiff suggests any illegal act on the part of the Bank. It had a right to take the Volvo automobile under its security instrument wherever it found it so long as the obtaining of such possession did not involve a breach of the peace. All parties agree that the Bank did not breach the peace in obtaining possession of the car from the sheriff for the buyer, Tim Harrison. Moreover, the Bank sold the Volvo automobile pursuant to an indebtedness under the terms of which the Satterfields waived all rights to a personal property exemption.

9. As a final observation, the Court notes that defendants could not be held liable under Section 1983 if their actions were taken in good faith. In view of the Court's agreement with defendants that their actions did not violate Alabama law, the Court could hardly reject the claims of good faith that have been raised by defendants. See discussion of good faith defense in *Owen v. City of Independence,* 445 U.S. 622, 637–38, 100 S.Ct. 1398, 1408–09, 63 L.Ed.2d 673 (1980).