**In re Marion T. LAWERY, Edwina Lawery, Debtors.**

**Bankruptcy No. 84–01457.**

United States Bankruptcy Court, M.D. Alabama, N.D.

Dec. 30, 1985.

Richard A. Lawrence, Montgomery, Ala., for petitioner/debtor.

James T. Upchurch, Montgomery, Ala., for respondent/creditor Commercial Union Ins. Co. and Cristabel Stevens.

## OPINION ON MOTION TO AVOID JUDICIAL LIEN UNDER SECTION 522(f)

RODNEY R. STEELE, Bankruptcy Judge.

On September 6, 1985, the debtors filed a motion to avoid the judicial lien of Commercial Union Insurance Company and Cristabel Stevens (designated in the motion as Christian Stevens) under Title 11, U.S.C. § 522(f).

The motion was set to be heard on October 7, 1985, at Montgomery, and was called at that time. The court at that time advised the attorneys by letter dated October 9, 1985, that "the objection to the judgment lien of Commercial Union and Christian Stevens is to be submitted on briefs relating to whether the exemption rights may be enlarged under 522(f) where the judgment lien is based upon a tort judgment."

### FINDINGS

Commercial Union Insurance Company and Christian Stevens or Cristabel Stevens recorded a judgment on August 10, 1978, in Real Property Book 402, at Page 220, in the Office of the Judge of Probate of Montgomery County, Alabama. It appears from representation of counsel in brief that the judgment was based upon a tort, and that Commercial Union Insurance Company is subrogated to the rights of its client Cristabel Stevens. The amount of the judgment, according to the schedules is $2,114.00.

The debtors filed this Chapter 13 proceeding on September 4, 1985.

The debtors have claimed as exempt their equity in their home at 1211 Seth Johnson Drive, Montgomery, Alabama, the furniture and appliances and other household goods there, and the personal effects of the debtors and all equity they have in a 1977 Cadillac.

### ISSUES

The issues in this case are:

1. Whether the property of the debtors in this case may be claimed as exempt

under the Bankruptcy Code of 1978 as amended against a tort judgment, which is a lien by recordation in Alabama.

2. If such property may be claimed exempt as against such a tort judgment recorded, what is the money value of that property which may be claimed as exempt in bankruptcy?

## CONCLUSION

If the debtors may not, under the bankruptcy exemption provision, claim their homestead and personal property as exempt, then they may not avoid a judicial lien upon that property under Title 11, U.S.C. § 522(f), since such judicial lien would not impair the debtors' exemptions. The position adopted by Commercial Union and Cristabel Stevens in brief filed October 8, 1985, avoids the question in this case. The question in this case is what property may be exempted in bankruptcy. That question is answered by reference to the law which gives the exemption.

The law which gives the exemption is the Bankruptcy Code of 1978, Title 11, U.S.C. § 522(b).

The definition of that property which may be claimed as exempt under the provisions of Section 522(b) requires a reference to the Alabama state law. See Title 11, U.S.C. § 522(b)(1) and the "opting out" provisions of state law, Code of Alabama, 1975, as amended, Section 6–10–11, which became effective on May 19, 1980.[1]

Section 6–10–11 provides that in federal bankruptcy proceedings, the debtor shall be entitled to claim as exempt "only that property and income which is exempt under the laws of the state of Alabama, and under federal laws other than subsection (d) of Section 522 of Title 11 of the U.S. Code."

Commercial Union and Stevens argue that the laws of the state of Alabama relating to exemption which define the rights of these debtors also includes Section 6–10–1 of the Alabama Code, which provide:

The right of homestead or other exemption shall be governed by the law in force when the debt or demand was created, but the mode or remedy for asserting, ascertaining, testing and determining claims thereto shall be as prescribed in this Chapter....

Commercial Union and Stevens argue that because the case law in Alabama provided that exemptions were not available against tort judgments of record in Alabama, so in bankruptcy, such exemptions would not be available to the debtors against the tort judgment held by Commercial Union and Stevens.

The latest case which we are able to find in the Eleventh Circuit relating to this matter is *In re Hall,* (11th Cir.1985) 752 F.2d 582. The court in that case, having before it a Georgia statute which, in effect, sought to "define out" as a state exemption right any property subject to a security interest, found that such a state statute conflicted with the overriding language and purpose of the federal bankruptcy law. In reaching its decision, the court there reasoned (footnotes omitted):

It is true that the statute prescribes that debtors may not invoke their powers under section 522(f) except to affect property that is exempt under section 522(b). There may, however, be several reasons why a debtor cannot exempt property. A state may decide in enacting its list of exemptions that a particular kind of property, furniture for example, will not be exempt. We assume for the purposes of this case that there is nothing in the Bankruptcy Code that prohibits such a classification. Otherwise the state legislature may determine that lien-encumbered property cannot be exempted, even if the particular kind of property that is encumbered by the lien is defined as exempt. We do not suggest that states are prohibited from defining

---

1. The same opting out law passed in 1980 also provided in Section 6–10–2 of the Alabama Code for homestead exemption for each Alabama resident in the amount of $5,000.00, and for personalty in the amount of $3,000.00 for each Alabama resident.

lien-encumbered property as not exempt. Any such decision would, however, be subject to the provisions of section 522(f). Thus, property encumbered by judicial liens and nonpossessory, nonpurchase-money security interests could still be exempted, notwithstanding the state's classification of lien-encumbered property as not exempt.

The language of the "opt-out" provision contained in section 522(b)(1) does not suggest a contrary result. *But see Giles* [*v. Credithrift of America (In re Pine)*] 717 F.2d [281] at 284 [6th Cir. 1983] (Congress expressed preference for state control of exemptions by enacting the "opt-out" provision without limitation; therefore, it is doubtful that Congress intended section 522(f) to limit the kind of property states could define as exempt). In granting the states the power to opt out of the federal list of exemptions, Congress did not appear to place any limits on the states' ability to do so. This broad grant of power, however, does not mean that Congress authorized the states to enact legislation that conflicts with any other provision of the Bankruptcy Code. Rather, the import of the provision is merely that a state may decide to require that its debtors rely upon state-defined exemptions, instead of the list of federal exemptions contained in section 522(d). *Cf. In re Storer*, 13 B.R. 1, 3 (Bankr.S.D.Ohio 1980) (drawing a distinction between an exemption and the operation of a lien upon an exemption; with respect to the latter, no state may deprive a debtor of the right to avoid a lien authorized by the Bankruptcy Code).[2]

If a state legislature may not prevent the so-called "fresh start" approach of the Bankruptcy Code, by defining out certain kinds of property, then we cannot find that

judge-made law in Alabama, which simply makes exemptions unenforceable against tort judgments, could so define exemptions. The Alabama state law, as decided in numerous cases relating to tort judgments does not change the definition of exemptions. It simply provides that such exemptions are not available against tort judgments. This, in effect, is the same holding as in *In re Hall*, that is, that Georgia has made its definition of exemptions, and has simply provided that such exemptions are not available if the property claimed as exempt is subject to certain contractual security interests.

The case of *Satterfield v. Clark*, 514 F.Supp. 1323 (1981), 685 F.2d 1387 (11th Cir., 1982) decided in this circuit by Judge Hobbs, and affirmed in the Eleventh Circuit, (cited to us by Commercial Union and Stevens) is an appropriate decision on Alabama case law, since in proceedings in a state court or a federal court not involving bankruptcy, where execution issues, if the execution issues upon a tort judgment, the exemptions are not available. Here we are dealing with counterveiling federal law in the Bankruptcy Code.

The conclusion is that the provisions of Alabama case law relating to a tort judgment overcoming exemption right is itself overcome by the provisions of Title 11, U.S.C. § 522(f), and such tort judgment as is held by Commercial Union and Stevens is then subject to avoidance under Title 11, U.S.C., § 522(f).

The holding in *In re Norris, First National Bank of Mobile v. Norris*, 701 F.2d 902 (11th Cir.1983), is not in conflict. That case, read in conjunction with *In re Hall* and *In re Maddox*, (11th Cir.1983) 713 F.2d 1526 leads to the conclusion that *Norris* is limited to its holding: that the exemptions are defined by reference to the time when

---

**2.** This matter was raised again in the Eleventh Circuit in the case of *Finance One, Plaintiff/Appellant v. Andrew S. Bland and Sonnia J. Bland,* (11th Cir.1985) 760 F.2d 1252, and the court there followed the decision of *In re Hall.* The court in subsequent proceedings in *Bland,* see 768 F.2d 1212, concluded to hear *en banc* the

question of whether *In re Bland,* at 760 should have been heard by three judges or whether a panel quorum would satisfy the requirements of the law of appeals. But this does not, according to our reading of the case, mean that the authority of *In re Hall* is depreciated.

the debt, whether based upon contract or tort, was incurred.

In this case, the debt was clearly incurred before May 19, 1980, and is therefore limited in amount to $2,000.00 in homestead exemption, and $1,000.00 in personal property exemptions. These amounts were specified in Code of Alabama, 1975, as amended, Sections 6–10–2 and 6–10–6, before the 1980 amendments.

And under the holding in the *Norris* case, p. 905, only one exemption is available to the joint debtors in homestead and personal property.

An appropriate order will enter.