In re Louise Chappell
COOLEY, Debtor.

Julian Curtis BROWN, Appellant,

v.

Louise Chappell COOLEY, Appellee.

Bankruptcy No. 86–01176.

Civ. A. No. 86–A–2007–E.

United States District Court,
N.D. Alabama, E.D.

March 5, 1987.

James M. Sizemore, Jr., Sizemore & Bowers, Sylacauga, Ala., for appellant.

Harvey B. Campbell, Jr., Talladega, Ala., for appellee.

## MEMORANDUM OPINION

ALLGOOD, Senior District Judge.

The creditor, Julian Curtis Brown, has appealed the decision of the bankruptcy judge, overruling his objection to the debtor's claimed exemptions, 67 B.R. 229 (Bkrtcy, N.D.Ala.1986).

Brown obtained a judgment of $50,000 against Louise Chappell Cooley for personal injuries sustained in an automobile accident. When Cooley filed a bankruptcy petition she claimed exemptions under the Alabama law. Ala.Code §§ 6–10–2, 6–10–6 (1975). Brown filed an objection to the

exemptions claiming that his valid lien on the debtor's property prevented it being included in her estate for exemption purposes.

When a bankruptcy petition is filed, all of the debtor's interests in property become the property of the bankruptcy estate. Historically, the bankrupt has been allowed to exempt certain items from that estate. The exemptions were defined by state law and intended to provide the individual with the basic necessities of life to avoid being left destitute. As part of the new Bankruptcy Code, Congress adopted a list of exemptions, 11 U.S.C. § 522(d), but also provided that states could opt out of that list and adopt their own exemptions, 11 U.S.C. § 522(b). The new code also permits a debtor to avoid certain kinds of liens encumbering particular kinds of property to the extent that the lien impairs an exemption, 11 U.S.C. § 522(f) [1]

The issue before this court is the effect on Alabama exemption statutes of 11 U.S.C. § 522(f). Brown, citing *Huckabee v. Stephens*, 29 Ala.App. 259, 195 So. 295 (1940), argues that only property which would be exempt from execution under state law can be claimed as exempt by the debtor and under Alabama law no exemption can be claimed against a judgment for negligent and wanton injury.[2]

In *In re Lawery*, 57 B.R. 104 (Bkrtcy, M.D.Ala.1985), the bankruptcy court was faced with essentially this same issue. In that case the bankruptcy judge held that "the provisions of Alabama case law relating to a tort judgment overcoming exemption right is itself overcome by the provi-

---

1. Section 522(f) provides:

   Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   (1) a judicial lien; or
   (2) a nonpossessory, nonpurchase-money security interest in any—
   (A) household furnishing, household goods, wearing apparel, appliances, books, animals,

   crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
   (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
   (C) professionally prescribed health aids for the debtor or a dependent of the debtor.

2. Alabama case law has made the exemptions unenforceable against tort judgments. There is no Alabama statute to that effect.

sions of Title 11, U.S.C. § 522(f)...."[3] *In re Lawery,* 57 B.R. 104, 106 (Bkrtcy.M.D. Ala.1985).

The Eleventh Circuit in *In re Hall,* 752 F.2d 582 (11th Cir.1985), was faced with deciding whether the Georgia Legislature, in opting-out of Section 522(d), had successfully defined its exemption so as to preclude the debtor from avoiding liens under the terms of Section 522(f). The court in *Hall* held that while "Congress may have undercut the purpose of the exemption scheme by permitting states to opt-out" Congress did not intend to allow unlimited state action on the matter. 752 F.2d at 590. Thus, the court held that "[t]o permit states to inhibit the operation of the lien-avoidance provisions simply by defining all lien-encumbered property as 'not exempt' would render the statute useless, a result inconsistent with the well-established principle of statutory construction requiring that all parts of an act be given effect, if at all possible." 752 F.2d at 586 (citations omitted). The end result of *Hall* was to allow the bankrupt debtor to avoid a lien on property defined by Georgia law as "not exempt".

After careful consideration of the contentions of the appellant[4] and the reasoning of other courts which have faced this question, the court is of the opinion that the decision of the Bankruptcy Court must be, and the same hereby is, AFFIRMED.

An appropriate order in conformity with this opinion will be entered.

---

**3.** Bankruptcy Courts in North Carolina, Oklahoma and Texas have all reached similar conclusions when faced with the question of recognizing the validity of Section 522(f) in states which had opted-out of federal exemptions. *See, In re Pelter,* 64 B.R. 492 (Bankr.W.D.Okl. 1986); *In re Jackson,* 55 B.R. 343 (Bankr.M.D.N. C.1985); In re *Thompson,* 59 B.R. 690 (Bankr. W.D.Tex.1986). The opinion of the Oklahoma Bankruptcy Court contains an excellent discussion of the Supremacy Clause (U.S. Const. art.

VI, cl. 2) and its impact on state defined exemptions.

**4.** The parties in this case were both afforded an opportunity to submit briefs on the issue before the court. For the information of the bankruptcy judge, it should be noted that no brief was submitted on behalf of the appellee even after being contacted by the court. The appellant on the other hand filed a very well written and helpful brief.